(No. 12553.—Judgment affirmed.)
TIMOTHY COMPTON, JR., Admr., Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(THE BOARD OF EDUCATION, Defendant in Error.)

*Opinion filed April 15, 1919.*

1. WORKMEN'S COMPENSATION—*when school board is not engaged in hazardous occupation under paragraph 8 of section 3 of Compensation act.* A board of education in maintaining a school building is not engaged in a hazardous occupation under paragraph 8 of section 3 of the Workmen's Compensation act, where there is no showing that the building is subject to any statutory regulations or to any regulatory municipal ordinances.

2. SAME—*when janitor of school house is not engaged in employment connected with building.* The janitor of a school house is not engaged in an employment connected with the school building while occupied in trimming trees on the school grounds, and an injury sustained at such occupation does not arise out of or in the course of employment in the conduct and management of the school building.

WRIT OF ERROR to the Circuit Court of Vermilion county; the Hon. WALTER BREWER, Judge, presiding.

STEPHENS & WICKS, (WILBUR R. WICKS, of counsel,) for plaintiff in error.

CHARLES TROUP, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Timothy Compton, Sr., plaintiff in error's intestate, on June 24, 1915, while engaged in trimming a tree in the grounds of a public school house in Danville, fell and received injuries from which he died. His administrator made application for an award of compensation under the Workmen's Compensation act. The arbitrator who heard the application made an award. On review the Industrial Commission reversed the decision of the arbitrator and denied an award. The decision of the Industrial Commission was reviewed by the circuit court on a writ of *certiorari* and the decision of the commission sustained. The court certified the cause was a proper one for review by the Supreme Court, and the record is brought before us by writ of error.

The case was heard by the arbitrator and by the Industrial Commission on a stipulation of facts. It was agreed that defendant in error was engaged in maintaining public schools in Danville, Illinois, for the free education of the children and was not engaged in any other business or enterprise; that deceased had for several years prior to his injury worked for the defendant in error as janitor; that neither of the parties had elected to accept and be subject to the Workmen's Compensation act; that during the vacation period deceased worked for defendant in error for $2 per day and during the school period for $55 per month, and that he died as the result of a fall on June 24, 1915, from a tree he was trimming in the Grant school grounds, in Danville.

Plaintiff in error concedes defendant in error, not having elected to provide compensation under the Workmen's Compensation act, is not liable unless it is engaged in an enterprise, business or occupation denominated as extra-

hazardous by section 3 of that act, but contends that by paragraph 8 of section 3 it is engaged in such extra-hazardous business or occupation. Said paragraph 8 reads: "In any. enterprise in which statutory or municipal ordinance regulations are now or shall hereafter be imposed for the regulating, guarding, use or the placing of machinery or appliances or for the protection and safeguarding of the employees or the public therein; each of which occupations, enterprises or businesses are hereby declared to be extra-hazardous."

The statutory regulations relied on by plaintiff in error are the provisions which make it the duty of boards of education to provide and maintain schools for not less than six nor more than ten months each year, give the board control and supervision of school houses and authorize them to build, repair and improve them; also the statute requiring the doors leading out of public buildings, including school houses, "now in process of construction or hereafter to be built," to be so constructed as to open outward; and the Fire Escape act, which provides that all buildings more than two stories in height used for schools shall be provided with a fire-escape for each fifty persons accommodated above the second story. It is not shown by the record that the statutory regulations of school buildings relied on apply to the Grant school building. It nowhere appears that it was more than one story high, or that it was in process of construction or. was built after the act came in force requiring the doors of public buildings "now in process of construction or hereafter to be built" to be so constructed as to open outward. In other words, it was not shown that the school building was subject to the statutory regulations referred to, and the record contains no regulatory municipal ordinance.

Even if defendant in error, in the conduct and management of the school building, had been engaged in an extra-hazardous business, enterprise or occupation, the injury did

not arise out of or in the course of the deceased's employment in that business. He was not injured while engaged in the performance of any duty of his employment in or connected with the school building. *Hahnemann Hospital v. Industrial Board,* 282 Ill. 316, is clearly distinguishable from this case. This court said in substance in *Marshall v. City of Pekin,* 276 Ill. 187, that an employer engaged in an extra-hazardous occupation, who has not elected to be bound by the Workmen's Compensation act, cannot be compelled to provide compensation under the act for an employee injured in an occupation not extra-hazardous under the statute, simply because such employer is also engaged in an extra-hazardous employment. To the same effect are *Vaughan's Seed Store v. Simonini,* 275 Ill. 477, *Sanitary District v. Industrial Board,* 282 id. 182, and *Fruit v. Industrial Board,* 284 id. 154.

The circuit court did not err in approving the decision of the Industrial Commission. The judgment is affirmed.

*Judgment affirmed.*