(No. 13781.—Judgment affirmed.)

THE EAST ST. LOUIS BOARD OF EDUCATION, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(E. W. EGGMANN, Admr. Defendant in Error.)

*Opinion filed April 21, 1921—Rehearing denied June 9, 1921.*

1. WORKMEN'S COMPENSATION—*when compensation may be had for death of janitor of school building.* Compensation may be had for the death of a janitor who fell while cleaning the windows of a school building containing a boiler which was subject to inspection by the public authorities, as such situation comes under subsection 8 of paragraph (*b*) of section 3 of the Compensation act.

2. SAME—*death of beneficiary does not preclude right to compensation for period preceding her death.* Under section 21 of the Compensation act the death of a beneficiary who leaves no dependents does not preclude all right to compensation but said section only extinguishes the right to receive payments which become due after the death of the beneficiary, and hence the administrator of a beneficiary who dies without leaving dependents is entitled to the weekly payments of the award from the death of the employee to the death of the beneficiary, even though the beneficiary died before the award was made.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding.

EDWARD C. KRAMER, RUDOLPH J. KRAMER, and BRUCE A. CAMPBELL, for plaintiff in error.

E. W. EGGMANN, and E. J. EGGMANN, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

May F. Paschal filed an application before the Industrial Commission against plaintiff in error for compensation alleged to be due under the Workmen's Compensation act by reason of an accident resulting in the death of her husband, Robert A. Paschal, arising out of and in the course of his employment by said board of education. Dur-

ing the course of the proceedings, and before any award had been made, the widow died, and her administrator was substituted as applicant. The arbitrator awarded compensation, the Industrial Commission confirmed the finding of the arbitrator and the circuit court sustained the decision of the commission. The case has been brought to this court by writ of error.

It was stipulated by the parties that on October 27, 1917, the Board of Education of School District No. 189 was a public body having control and charge of the schools in said district; that on said day Robert A. Paschal, the deceased, was employed by said board as a janitor at its Longfellow school; that said building was two stories in height, with a basement which was about half above the ground, and that said building was at the time of the fatal injuries to Paschal heated by steam generated from a boiler in the basement; that said boiler was of the usual size necessary for an eight or ten-room school building and was subject to city and insurance inspection; that on October 27, 1917, while employed as a janitor, in the discharge of his duty washing windows on the second floor of said school, Paschal fell to the ground and received injuries from which he died the same day; that he left surviving him a widow, May F. Paschal, who afterwards died on October 16, 1918; that Paschal was the sole support of his wife for more than five years prior to his death; that Paschal's wages for the year preceding his death were $960.

The record discloses, without contradiction, that the board of education had notice of the fatal injury shortly after its occurrence, and that a demand for compensation was made within six months by May F. Paschal, then administratrix of her husband's estate; that there was no person dependent upon the deceased for support except his wife, and that at the time of her death there was no one dependent upon her for support. On the facts in the record the arbitrator found the applicant's administrator en-

titled to $9.23 a week for the interval between the death of the husband and wife, or $466.77.

The first question found in the briefs that we are called upon to consider is whether the employment of Paschal was in an enterprise that was extra-hazardous or which would be brought by statutory or municipal regulations under the Workmen's Compensation act by sub-section 8 of section 3 of said act. As already stated, it was agreed that the boiler in said building was subject to inspection by the public authorities. It is argued by counsel for plaintiff in error that none of the regulations which would apply to a public school building are of the character contemplated by the act, viz., "for the regulating, guarding, use or the placing of machinery or appliances or for the protection of the employees or the public therein." It seems self-evident that the inspecting of a boiler in the basement of a school house containing many children is certainly the guarding of appliances for their protection, the same as would be true in the requirement of fire-escapes. (Hurd's Stat. 1919, chap. 55a, sec. 1.) It would seem necessarily to follow by the wording of sub-section 8 of section 3 of the Workmen's Compensation act that this statute and the municipal regulations brought this building under the provisions of said section of the act. This being so, it is unnecessary for us to discuss whether or not the employment in which Paschal was engaged at the time of his death was extra-hazardous. Furthermore, what was said in *Hahnemann Hospital* v. *Industrial Board,* 282 Ill. 316, fully covers this point.

It is further contended by counsel for plaintiff in error that as Mrs. Paschal died before any award was made, leaving no one depending upon her, under section 21 of the Workmen's Compensation act the right she would have had to compensation had she lived was extinguished by her death. Said section reads, in part, as follows: "Any right to receive compensation hereunder shall be extinguished by the death of the person or persons entitled

thereto, subject to the provisions of this act relative to compensation for death received in the course of employment: *Provided,* that upon the death of a beneficiary, who is receiving compensation provided for in section 7 leaving surviving a parent, sister or brother of the deceased employee, at the time of his death dependent upon him for support, who were receiving from such beneficiary a contribution to support, then that proportion of the compensation of the beneficiary, which would have been paid but for the death of the beneficiary, but in no event exceeding such unpaid compensation, which the contribution of the beneficiary to the dependent's support within one year prior to the death of the beneficiary bears to the compensation of the beneficiary within that year, shall be continued for the benefit of such dependents, notwithstanding the death of the beneficiary."

The Workmen's Compensation act is intended for the benefit of dependents, and the dependency of a wife is presumed. (Corpus Juris, treatise on Workmen's Compensation, 59.) Dependency and the award are determined by section 7 of the statute, and the extinguishment of the award by the death of the beneficiary, under section 21, is subject to the provisions of section 7, which determines the right, and should not be construed as retroactive or as abating the rights given under section 7, but only as abating the right to receive the payments due after the death of the beneficiary. Under statutes worded similarly to the one we are here construing, it has been held that the right to compensation conferred upon the dependents of a deceased workman is a right which vests in the dependent and is transmitted to his legal representatives on his death, notwithstanding that the dependent has died before an award or even without having made a claim for it. *United Collieries* v. *Hendry,* 2 B. W. C. C. 308; Elliott on Workmen's Compensation act, (7th ed.) 283; L. R. A. 1916A, p. 135, and cases there cited; 1 Honnold on Workmen's

Compensation, sec. 79; *State* v. *Industrial Com.* 92 Ohio St. 434; Bradbury on Workmen's Compensation act, (3d ed.) 805; see, also, *In re Bartoni,* 225 Mass. 349; *In re Murphy,* 224 id. 592.

While the right to receive compensation is extinguished by the death of the beneficiary entitled thereto, this, in our judgment, does not mean that if the widow had received installments under the award, the amount she had received to the day of her death must be refunded because the right had been extinguished by her death. There is no provision to that effect. The right to receive compensation was fixed as of the time of the employee's death, and we think a fair reading of section 21, including the proviso, justifies the conclusion that the death of the beneficiary stops any further right to payments, but is not retroactive so as to extinguish the right to receive payments for the period from the date of the injured employee's death until the beneficiary's death. The fact that there may or may not have been an award at the time of her death is an incident which does not decide whether she was entitled to compensation. The proviso in section 7 shows clearly that the right to go forward with the proceeding and receive compensation under the application, under the circumstances mentioned in the proviso, continues after the death of the beneficiary. It would seem to follow that the administrator of the deceased widow in this case was rightly allowed the amount of the weekly payments from the death of her husband to her death.

No question is raised that if the widow was entitled to compensation under the act and the administrator was entitled to the amount earned before the widow's death the right amount was allowed by the Industrial Commission.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*