# LaCHAPELLE, ADM'X. v. UNION PACIFIC COAL CO.
### (No. 1122; Decided Apr. 24, 1923; 214 Pac. 587)

Workmen's Compensation Law—Industrial Accident Fund—Modification of Court Order of Award of Compensation—Compensation Awarded Injured Workman Is Not Transmissable Prior to Issuance and Delivery of Warrant—Words and Phrases.

1.  The fundamental purpose of the Workmen's Compensation Law is to abolish private rights and actions for damages to employees in extra-hazardous industries, and substituting a system of compensation to injured workmen and their dependents from a fund maintained by contributions made by the employers.

2.  The phrase "by operation of law," where used to describe a method by which the title to property is transferred, includes transfer by intestacy.

3.  Where an injured workman was awarded compensation in a lump sum for a permanent total disability and died be-

fore the issuance and delivery of a treasurer's warrant therefor, such award did not pass to his legal representatives as intestate property in view of the provisions of Section 4336 C. S. 1920.

4. Where an affirmance of an order made by a District Court under the Workmen's Compensation Act, or a dismissal of the proceedings in error prosecuted therefrom would result in the same effect upon the rights of plaintiff in error, an affirmance may be ordered without deciding that it might not be proper to dismiss the proceedings in error.

ERROR to the District Court, Lincoln County; HON. JOHN R. ARNOLD, Judge.

Peter Fomakis was awarded compensation in a lump sum under the Workmen's Compensation Act for injuries resulting in his permanent total disability. On the day following the making of the order of award, Fomakis died. Thereafter the District Court modified the order awarding compensation by striking therefrom the lump sum allowance for permanent total disability, and substituting therefor an allowance for temporary total disability equal to the aggregate monthly installments, payable from the time of the injury until the death of the injured workman. From the denial of a motion to set aside the modified order, Flo LaChapelle, as administratrix of the estate of decedent, prosecutes error.

*John A. Shelton* and *Thomas ·Hunter,* for plaintiff in error.

The judgment of February 16th, amending and modifying the judgment of January 3rd, 1922 was void, the court being without jurisdiction of the subject matter or of the parties affected thereby, and for the further reason that it was contrary to that which the law required upon the facts attempted to be determined. It may be reviewed without a bill of exceptions. (Grover Irr. Co. v. Ditch Co., 21 Wyo. 204.) Exceptions were also preserved for review by a motion to set the judgment aside. (5926 C. S.) There was no

notice of the hearing. It seems necessary to determine whether the "order of award" entered on January 3rd, 1922 is a judgment or an order, a judgment being the final determination of the rights of the parties. (Sec. 5875 C. S.; 23 Cyc. 665-668;) Its nature is determined from its substance rather than its form. (23 Cyc. 670.) Orders of the class in question are governed by procedure prescribed by Sections 4326-4327 · C. S. 1920. The order of award of January 3rd, 1922 possesses all of the essentials of a judgment; the judgment of February 16th, 1922 was made at a different term of court and is a new and different judgment from that rendered on January 3rd based upon occurrences after January 3rd; the order of January 3rd was a final determination and adjudication of the compensation claim. (23 Cyc. 1215.) It could only be set aside in a manner prescribed by law. (23 Cyc. 673; 2 Black on Judgments, 500.) The case was not within the first and second subdivision of 5923 C. S., nor of 5927 C. S., providing for the vacation of judgments by action. (Scott v. McNeal, 154 U. S. 34; 23 Cyc. 684; Pennoyer v. Neff, 96 U. S. 714.) Notice was indispensable. (Kinderhock v. Claw, 15 Johns, 538; Adams v. Jeffers, 12 Ohio 253; Corliss v. Corliss, 8 Vt. 389.) The proceedings of February 16th affected property, and being without notice, was lacking in due process of law. (Merchants Bank v. Ballou, 98 Va. 112; 12 C. J. 1120; Home etc. Co. v. Los Angeles, 227 U. S. 278.)

The Fourteenth Amendment of the federal Constitution applies not only to the states but to every person, natural or artificial, who may be a depositary of state power. (Railway Co. v. Chicago, 116 U. S. 226.) The attempted modification of the judgment of January 3rd was within the prohibition of the Fourteenth Amendment. The power of the District Court to vacate or modify its judgment at a subsequent term is provided by statute. (5923 C. S. Gramm v. Fisher (Wyo.) 31 Pac. 767.) The procedure applies to orders as well as judgments. The former judgment contained a finding of *permanent* total disability; its attempted

modification by the order of February 16, contained a finding of *temporary* total disability, based upon facts occurring subsequent to the former judgment—both judgments of disability; and the compensation rate is fixed by Chapter 138 L. 1921. The finding of temporary total disability was absurd in view of the fact that the workman had died on January 4th while suffering from a permanent total disability. In this case the employee lived seven months and four days following the injury and the award should have been paid within two months after the injury. However, the machinery of the law was so slow in its operation that the man died before the compensation, to which he was entitled, got into his hands, though death did not occur until after the court had determined that he was entitled to receive it. The workman suffered total paralysis; he was first sent to a hospital in Minnesota and later to a hospital in Denver; his treatment and care after the injury entailed a cost, which, it is fair to assume, was due the creditors of the estate; he left no property except his claim for compensation. The judgment of February 16th is void and should be set aside.

*Lacey & Lacey,* for defendant in error.

The District Court record does not show that the order of award made January 3rd was entered by the clerk; plaintiff's decedent died the day after its date; the court thereupon heard evidence and made an order awarding an allowance for temporary total disability for seven months and four days at $50.00 per month, also finding that decedent was a single man without dependents. It is not shown that decedent left surviving relatives, near or remote. The compensation law is intended to afford relief to those who suffer loss. (4016 C. S. 1920; Zancanelli v. Coal & Coke Co., 25 Wyo. 511.) It is not intended to provide compensatory damages, but relief, first to the injured workmen and second, in case of his death, to those dependent upon him. (Western Union Co. v. McGill, 57 Fed. 699.) The motion

for new trial was not filed until May 13th, 1922; it consti-
tutes a full appearance by plaintiff in error to the cause and
cures any possible defects for failure of notice of the order
of February 16th, 1922. The order, overruling the motion,
made July 25th, 1922 was made at the same term when the
order of February 16th, 1922 was entered. The court has
absolute control of its decrees and judgments during the
term at which they are rendered. (Cornell University v.
Parkinson (Kan.) 53 Pac. 138; Niles v. Park, 49 Ohio St.
370; Aetna Co. v. Com'rs. (8th Cir.) 25 C. C. A. 94; Boals
v. Shules, 29 Ia. 507; Ex Parte Doak, (Ala.) 60 So. 64; Hig-
gins v. Higgins, (Mo.) 147 S. E. 962; Ewart v. Peniston,
(Mo.) 136 S. W. 422; Currey v. Tinity etc. Co., (Mo.) 139
S. W. 2121; Winder v. Winder, (Nebr.) 125 N. W. 1095.)
Aside from the question of notice other grounds in the mo-
tion for new trial, assigning irregularity in the proceedings
of February 16th, 1922, that the order of that date is not
sustained by sufficient evidence, and is contrary to law;
error in the assessment of amount of recovery, and the
errors of law appearing at the trial, are so general and in-
definite as not to present any matter to this court for re-
view. (Baynes v. Allison, 108 Ga. 782, 33 S. E. 682; West
Chicago Ry. Co. v. Krueger, 168 Ill. 586, 48 N. E. 442;
Pettit v. Pettit, 138 Ind. 597, 38 N. E. 1791; Etchells v.
Wainwright, 76 Conn. 534, 57 Atl. 121; Dickerson v. State,
18 Wyo. 440, 116 Pac. 448.) The bill of exceptions does not
purport to contain all of the evidence, nor does the trial
court certify with respect to the evidence. There is no
showing that the delay in filing the motion for new trial was
caused by the moving party being unavoidably prevented
from filing the same within the statutory time and was,
therefore, not entitled to consideration. (Blonde v. Mer-
riam, 21 Wyo. 513.) The record fails to disclose that the
order of February 16th, 1922 materially affects substantial
rights of the plaintiff in error as is required by Sec. 5870
C. S. In the absence of evidence to the contrary, every-
thing is presumed in favor of the ruling of the court and

until the contrary is shown, the presumption that the ruling is right must stand.    (Miller v. Atlantic Etc. Co., 95 S. C. 471, 79 S. E. 645; Boetcher v. Thompson, 21 S. D. 169, 110 N. W. 108; Westpahl v. Nelson, 25 S. D. 100, 125 N. W. 640; Peck v. Alexander, 40 Colo. 392, 91 Pac. 38; Kelly v. Chicago Ry. Co., 175 Ill. App. 196; Mobile etc. Co. v. Louisville etc. Co., 172 Ala. 313, 54 So. 1002; Santos v. Holy Roman Catholic etc. Church, 212 U. S. 463; Crosby v. Stevens, (Tex.) 184 S. W. 705; Martin v. Clements, (Tex.) 193 S. W. 437; Tindall v. Chicago Ry. Co., 200 Ill. App. 556; Prude v. Thompson, (Ala.) 79 So. 21; Donnatin v. Union Hardware Co. (Calif. App.) 175 Pac. 26; Matthews v. N. Y. Central R. Co., (Mass.) 120 N. E. 185; McCague Inv. Co. v. Mallin, 23 Wyo. 201, 147 Pac. 507; Wyo. Loan & Trust Co. v. Holliday, 3 Wyo. 386, 24 Pac. 193.)    If the finding of February 16th, 1922 be correct, and the presumption is that it is correct, then, there is no one with a rightful claim to compensation from the accident fund in the state treasury, because of any results to the deceased beyond January 4th, 1922, either in the way of permanent injuries, or otherwise.    There is no record of proof showing that plaintiff in error was the administratrix of the estate of decedent, nor absence of notice of the hearing prior to the order of February 16th.    The finding and judgment of the court below should be affirmed.

*John A. Shelton* and *Thomas Hunter*, in reply.

The bill of exceptions shows that the judgment of January 3rd was in writing, signed by the judge of the lower court and filed in the office of the clerk thereof.    The compensation law requires that payment shall be made for ''permanent total disability'' in a certain lump sum.    Deceased lived seven months and four days after his injury. Except for the delay by the defendant in error from June 1st to November 5th, 1921 to report the accident, which should have been reported within twenty days, the compensation would have been paid to the injured workman in his

lifetime and made available to meet the extraordinary expense which his condition required. Plaintiff in error is the personal representative of decedent and is entitled to receive what decedent should have received during his lifetime. The bill of exceptions shows that the hearing preceding the judgment of February 16th, was ex parte and, regardless of evidence, the judgment should not be allowed to stand. The bill of exceptions shows that there was no notice of the hearing on February 16th. The error complained of appears on the face of the original papers and is reviewable without a bill of exceptions, which is presented for review by the motion to vacate the judgment of February 16th; it is presented for review by the motion for new trial. It is probable that the motion for new trial was unnecessary. (Mitter v. Coal Co., 206 Pac. 152.) The proceedings to obtain the vacation of the so-called judgment of February 16th does not come within any of the eight subdivisions of Section 5870 C. S. 1920. The motion to vacate the February judgment was a special appearance. (Dahlgren v. Pierce, 263 Fed. 841.) The question of whether the appearance is general or special is one of intent, and the intention here in moving for the vacation of the unauthorized judgment of February 16th, was a special appearance. (Merchants Co. v. Claw, 204 U. S. 286; 4 C. J. 1341; 2 R. C. L. 333.) A special appearance does not give jurisdiction of the person. (Griffin v. Howell, 113 Pac. 326.) A general appearance does not serve to give validity to a judgment void for want of jurisdiction of the subject matter. (Bank v. Anderson, 6 Wyo. 518, 48 Pac. 197; 2 R. C. L. 333; Iron Clifts v. Lahais, 18 N. W. 121.)

Kimball, Justice.

The plaintiff in error is the administratrix of the estate of Peter Fomakis, deceased. Her right, if any, arises from the following facts. On June 1, 1921, the intestate, while employed by defendant in error as a miner of coal, suffered an injury which resulted in permanent total disability, for

which he became entitled to receive compensation under the
Workmen's Compensation Act (Secs. 4315-4348, C. S. 1920,
as amended by Ch. 138, Laws 1921.)  His claim to compen-
sation was not questioned and was allowed by an order of
award made January 3, 1922.  This award included an al-
lowance of the lump sum of $4000 under Section 5 of Chap-
ter 138, supra, for permanent total disability.  On the fol-
lowing day, January 4, before the issuance or delivery of
the warrant in payment of the award, the injured work-
man died.  Thereafter the court undertook to modify the
order of January 3 by striking therefrom this allowance of
$4000.  The administratrix challenged the regularity and
validity of this order of modification.  Her right to do this
depends, of course, upon her interest in the award.  Unless
she be entitled to the award, or to receive payment under it,
by reason of the intestacy of the workman, she is not inter-
ested in the proceedings of which she complains, and we
need not pass upon their regularity.  We shall, therefore,
inquire whether the right of the injured workman to com-
pensation under the award of January 3 passed as an asset
of his estate to the administratrix.

The fundamental purpose of our Workmen's Compensa-
tion Act is to abolish private rights of action for damages
to employees in extra-hazardous industries, and to substi-
tute a system of compensation to injured workmen and their
dependents out of a public fund established and main-
tained by contributions required to be made by employers.
Section 4316 states that:

"Compensation herein provided for shall be payable to
persons injured  *  *  *  or the dependent families of
such, as die, as the result of such injuries,  *  *  *." That
"the right of each employee to compensation from such
funds shall be in lieu of and shall take the place of any and
all rights of action against any employer contributing, as
required by law to such fund in favor of any such person
or persons by reason of any such injury or death.
*  *  *." And all laws relating to damages for injuries

or death from injuries are repealed "as to employments, employers and employees" coming within the terms of the act.

Section 4317 declares that:

"The rights and remedies provided in this chapter for an employee on account of an injury shall be exclusive of all other rights and remedies of such employee, his personal or legal representatives or dependent family at common law or otherwise on account of such injury; and the terms, conditions and provisions of this chapter for the payment of compensation and the amount thereof for injuries sustained or death resulting from such injuries shall be exclusive, compulsory and obligatory upon both employers and employees coming within the provisions hereof."

It is the purpose of the act to give compensation to some one who has lost by the accident—the workman himself or those dependent on him—and it does not purport to grant any rights to the workman's legal representatives or heirs, as such. However, the purpose or general policy of the act in this respect, though admitted to be as we have stated it, may not necessarily or entirely control as to the right of an administratrix to receive compensation payable to the workman in his lifetime. As some of the authorities put it, it is not so much a question of the policy of the law as of the quality of the right conferred, that is, whether the right of the workman to compensation became vested in his lifetime so as to be transmissible by intestacy.

Following the case of United Colleries v. Simpson, (1909) App. Cas. 383, it has been decided that under the compensation acts of some of the states the right of a surviving dependent to compensation is a vested property right which passes on the death of the dependent to her administrator who may collect as an asset of the estate the total amount that would have been payable to the dependent if she had lived. (State ex rel. v. Industrial Comm., 92 Oh. St. 434, 111 N. E. 299; Industrial Comm. v. Dell, (Oh. St.) 135 N. E. 669; Whitmore v. Industrial Comm. (Oh. St.) 136 N. E. 910; State Acc. Fund v. Jacobs (Md.) 118 Atl.

159; Smith v. Kaw Boiler Works Co. (Kans.) 180 Pac. 259.) Under other acts it has been held that neither the workman himself nor his surviving dependent has such a vested right to compensation, and that nothing passes to an administrator except the right to installments payable during the life of the beneficiary. (Wozneak v. Buffalo Gas Co., 161 N. Y. Supp. 675, approved 229 N. Y. 623; In re Murphy, 224 Mass. 592, 113 N. E. 283; In re Bartoni, 225 Mass. 349, 114 N. E. 663; Pocardi v. Ott, 86 W. Va. 565, 104 S. E. 54; Wenning v. Turk (Ind.) 135 N. E. 665; Erie R. Co. v. Callaway, 91 N. J. Law 32, 102 Atl. 6; Duffney v. Morse Lbr. Co., 42 R. I. 260, 107 Atl. 225; Matecny v. Vierling Steel Works, 187 Ill. App. 448; Hieselt Const. Co. v. Industrial Comm. (Utah.) 197 Pac. 589. See, also, Lahoma Oil Co. v. State Industrial Comm. (Okla.) 175 Pac. 836, and East St. Louis Board of Ed. v. Industrial Comm. 298 Ill. 61, 131 N. E. 123.)

As the acts under which these decisions were made differ materially from ours, we do not cite any of these cases as controlling on the point under consideration. Their value here is to show that the quality of the right intended by the legislature to accrue to an injured workman, or to his dependents, depends upon the provisions of the particular act giving the right.

Returning, then, to the Wyoming law, we shall notice a few of its other provisions which seem pertinent to the present inquiry. The right of a claimant to compensation under the act is determined in the District Court of the county in which the injury occurred, and the decision is evidenced by an order allowing or disallowing compensation. (Sec. 4327.) When an order allowing compensation is made the clerk of court enters it of record and forwards certified copies thereof to the state auditor and state treasurer who in turn record the order which is declared by the statute to be the authority and direction to the auditor to issue the warrant for compensation and to the treasurer to pay it.

(Sec. 4329.)   All awards are payable from the state industrial accident fund.

It is further provided (Sec. 4336) that:

"No money paid or payable under this chapter out of the industrial accident fund shall, prior to issuance and delivery of the warrant therefor be capable of being assigned, charged or ever be taken in execution or attached or garnished, or shall the same pass to any other person by operation of law, any such assignment or charge shall be void."

On the reading of this section it becomes evident that its meaning is obscured by some mistakes in wording and punctuation.   A comparison of it with like provisions in similar laws of other states convinces us that it was intended as a copy of a section found in the Washington Workmen's Compensation act of 1911 (Laws, Wash. 1911, Sec. 10, Ch. 74) as follows:

"No money paid or payable under this act out of the accident fund shall, prior to issuance and delivery of the warrant therefor, be capable of being assigned, charged, nor ever be taken in execution or attached or garnished, nor shall the same pass to any other person by operation of law. Any such assignment or change shall be void.

By a reasonable construction of our Section 4336 it must be taken to have the meaning that was more clearly expressed in the Washington act, and seems to make it clear that the legislature intended that the right to receive compensation should not become a transmissible property right until the actual receipt of the warrant.   The only possible question as to this intention might arise from a doubt as to the meaning of the phrase "by operation of law."

Section 4570, C. S. 1920, sets forth rules to govern the construction of statutes.   Among them is the following, which is but a statement of the rule at common law, viz:

"Words and phrases shall be taken in their plain or ordinary and usual sense, but technical words and phrases having a peculiar and appropriate meaning in law shall be understood according to their technical import."

We are sure that in its ordinary and usual sense the phrase "by operation of law," when used to describe a method by which the title to property is transferred, includes a transfer by intestacy. If the phrase can be said to have a technical meaning in law, that meaning would be no different. (3 Bouvier's Law Dict. (Rawle's 3rd Rev.) 2417; Black's Law Dict. (2nd Ed.) 855; 21 Am. & Eng. Enc. Law, 921.) The title to personal property is transferred either by act of law or by act of the parties, and the former method includes a transfer by intestacy. (2 Kent, Commentaries, 355, 408.)

A provision similar to the sections quoted from the acts of Washington and Wyoming, forbidding a transfer by operation of law of the right to compensation, is contained in the compensation laws of Nevada and Oregon, but we do not find that it has ever been considered by the courts of either of those states. It was considered by the Washington Supreme Court in Ray v. Industrial Ins. Comm., 99 Wash. 176, 168 Pac. 1121, L. R. A. 1918 F. 561, where it was held that the right of a workman to compensation for permanent partial disability, no warrant therefor having been issued and delivered prior to his death, did not pass to his personal representative. This is the only case directly in point that we have found, and it supports our view that the administratrix in the case at bar has no interest which was or could have been affected by the order of which she complains.

Following a decision on this ground there may be some doubt whether the proper procedure is to affirm the order of the District Court or to dismiss the proceeding in error. The effect on the rights of the plaintiff in error would be the same in one case as in the other, and as the defendant in error asks an affirmance, we shall adopt that method of dis-

posing of the proceeding in error without deciding that it might not be proper to dismiss it. Accordingly, the order of the District Court is affirmed.

*Affirmed.*

Potter, Ch. J., and Blume, J., concur.