(No. 19223.—

THE VILLAGE OF CHAPIN, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(GUY GRADY, Plaintiff in Error.)

*Opinion filed October 19, 1929.*

WILLIAM N. HAIRGROVE, for plaintiff in error.

BELLATTI, SAMUELL & MORIARTY, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The circuit court of Morgan county upon a writ of *certiorari* set aside an award of the Industrial Commission under the Workmen's Compensation act in favor of Guy Grady against the village of Chapin. Upon a petition of Grady a writ of error was allowed.

Grady was employed by the village of Chapin to haul dirt and fill up holes in the streets, (common dirt roads,) furnishing his own team, at fifty cents an hour for his work and the use of the team. He worked under the immediate direction of G. A. Allen and George Smith, who were members of the board of trustees and showed him where to work. Smith worked with him most of the time, and was doing so on April 4, 1927, when one of the horses got over the wagon tongue and Grady was thrown from the wagon, breaking his leg.

The only question in the case is whether the village was under the Compensation act by virtue of the provisions of section 3: "The provisions of this act hereinafter following shall apply automatically and without election to the State, county, city, town, township, incorporated village or school district, body politic or municipal corporation, and to all employers and all their employees, engaged in any department of the following enterprises or businesses which are declared to be extra-hazardous, namely:" (Laws of 1921, p. 447.) The original act did not apply automatically to persons engaged in the occupations which were declared by section 3 to be extra-hazardous. Section 4 of the original act defined the term "employer" to include the State and each county, city, town, township, incorporated village, school district, body politic or municipal corporation therein, and also all other persons, corporations, associations or institutions having any person in service or under contract for hire and having elected to become subject to the provisions of the act. Section 5 defined the term "employee" to include every person in the service of the State, county, city, town, township, incorporated village or school district, body politic or municipal corporations therein, under appointment or contract of hire, except any official, and with other exceptions not necessary to note. These definitions have not been materially changed, though the clause of section 5 creating the exceptions from the general defini-

tion of "employee" has been changed, but not, however, so as to affect the question here. Section 2 of the act of 1913 provided that every employer engaged in any of the occupations declared by section 3 to be extra-hazardous should be conclusively presumed to be bound by the act unless he should have elected not to be bound in the manner prescribed for the exercise of such election. The occupations declared by section 3 to be extra-hazardous were mentioned in eight clauses of paragraph (b) of the section, and it was held in *McLaughlin* v. *Industrial Board,* 281 Ill. 100, that townships must be presumed to be under the act if engaged in one of the occupations mentioned in paragraph (b) of section 3. The cause of action in that case arose before July 1, 1917, and the amendment of 1917, therefore, did not apply to the case and was therefore not considered. If it had been applicable it would not have affected the case, for it merely repealed section 2 and amended section 3 so as to read: "The provisions of this act hereinafter following, shall apply automatically, and without election, to all employers and their employees engaged in any of the following enterprises or businesses which are hereby declared to be extra-hazardous, namely:" followed by eight sub-sections descriptive of the hazardous employments. (Laws of 1917, p. 507.) Section 3 as thus amended expressly refers to all employers and their employees engaged in the extra-hazardous occupations mentioned and to no others. It included the State and municipal corporations embraced in the definition of "employer" in section 4. The Workmen's Compensation act, after the amendment of 1917, applied automatically to the State and the various municipal corporations and their employees only engaged in the extra-hazardous occupations mentioned in section 3. The General Assembly in 1919 again amended section 3 by inserting in the section as amended in 1917 the State and the various municipal corporations included in the statutory definition of "employer" contained in sec-

tion 4, so as to make section 3 read: "The provisions of this act hereinafter following shall apply automatically, and without election to the State, county, city, town, township, incorporated village or school district, body politic or municipal corporation, and to all employers and their employees, engaged in any of the following enterprises or businesses which are declared to be extra-hazardous, namely:" followed by eight sub-paragraphs in the same language as the amended section 3 of 1917, except that to sub-paragraph 3, which in the amendment of 1917 read, "Carriage by land or water and loading or unloading in connection therewith," was added, "including the distribution of any commodity by horse-drawn or motor-driven vehicle where the employer employs more than three employees in the enterprise or business, except as provided in sub-paragraph 8 of this section."

It is argued on behalf of the plaintiff in error that in section 3 as amended in 1919 the legislature has clearly divided employers to which the act shall apply automatically and without election, into two classes, one of which consists of the State and the municipal corporations mentioned, and the other of all other employers, and that in the first mentioned class the act applies to all employees without regard to the nature of their employment, while in the other class the act applies not to all employees but only to those engaged in the occupations declared extra-hazardous. It is said in the brief that section 3 "clearly distinguishes between the State, county, village, etc., as employers and all other employers, by providing that employers other than State, county, village, etc., are not under the act automatically and without election unless engaged in some department of the enterprises or businesses enumerated in paragraphs 1 to 10, inclusive, of section 3." There certainly was no such classification in the amendment of 1917, which declared the act should apply automatically and without election to all employers and their employees engaged in the

described occupations declared to be extra-hazardous. The section as amended in 1919 is a copy of the section as amended in 1917, except that in the opening sentence the State and other municipal corporations are expressly mentioned by name before the words, "and to all employers and their employees," and except the addition to subparagraph 3, in relation to carriage by land or water and loading or unloading in connection therewith, of the modification which has been quoted. By the amendment of 1919 there is no change in this part of the section except to name specifically the State and municipal corporations which were included in the general language of the section before its amendment. This change could have made no difference in the meaning of the section. The words in the amendment of 1917, "all employers and their employees engaged in any of the following enterprises or businesses," meant the State, county, city, town, township, incorporated village or school district, body politic or municipal corporation, and all employers and their employees, and the mention, specifically, in the amendment of 1919 of the State, county, city, town, township, incorporated village or school district, body politic or municipal corporation did not change the meaning. The words "and their employees," in the amendment of 1919, refer to all employers, both those which are specifically mentioned and those included in the general term of "employers." The object of the amendment in 1917 was to declare that employees engaged in the extra-hazardous occupations mentioned should be entitled to the benefit of the act and that their employers should be subject to its liabilities. If the object of the amendment in 1919 had been to extend the liability of the State and the various municipal corporations mentioned to include all their employees, whatever might have been the nature of their employment, and to distinguish that class of employers from other employers engaged in the same extra-hazardous occupations, the legislature would certainly have used language clearly express-

ing that intention. The mention of the State and municipal corporations was probably made to express clearly what might have been thought desirable to remove any doubt as to the application of the act to such bodies, though the main purpose of the act seems to have been to qualify the third sub-paragraph, in regard to carriage by land or water.

The case of *McLaughlin* v. *Industrial Board, supra,* holds that a common dirt road is not a "structure" within the meaning of that term as used in paragraph (*b*) of section 3 of the Workmen's Compensation act, and the making or maintaining of such a road in the ordinary way is not a dangerous or extra-hazardous occupation. The employment of the plaintiff in error was not such as brought him within the terms of the Workmen's Compensation act.

The judgment of the circuit court is therefore affirmed.

*Judgment affirmed.*