(No. 20952.—■)
THE BOARD OF EDUCATION OF DISTRICT No. 4, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*— (HARRY PERKS, Plaintiff in Error.)

*Opinion filed December 17, 1931.*

JOSEPH A. LONDRIGAN, for plaintiff in error.

E. N. NEVINS, for defendant in error.

Mr. JUSTICE JONES delivered the opinion of the court:

Harry Perks, plaintiff in error, was one of two janitors employed by the Board of Education of district No. 4, town 12, range 6, Macoupin county, Illinois, located at Virden. The district owned three school buildings. The size and description of none of them are disclosed by the record. Plaintiff in error, while cutting grass with a hand lawnmower on a school house lawn in June, 1921, received an injury to his hand, and because of an infection, which later developed, lost two fingers of his right hand. The arbitrator rendered a decision in his favor. Upon a review by the Industrial Commission a finding was made that both parties were subject to the provisions of the Workmen's Compensation act and an award of compensation was made

to plaintiff in error. Upon *certiorari* to the circuit court the decision of the Industrial Commission was set aside, and the cause is brought here by writ of error.

There is no dispute concerning the facts, and the only question is whether or not the parties at the time of the injury were operating under the provisions of the Workmen's Compensation act. Section 4 of the act makes a school district an employer. Section 3 places a school district and its employees automatically within the provisions of the act when engaged in any department of the enterprises or businesses declared to be extra-hazardous by any one or more of the ten sub-paragraphs in said section.

Plaintiff in error depends upon the provisions of sub-paragraphs 1 and 8 to bring the parties within the act. Sub-paragraph 1 makes the act apply to school districts and their employees when engaged in the enterprise or business of erecting, maintaining, removing, remodeling, altering or demolishing any structure. Sub-paragraph 8 makes the act apply when the school district and its employees are engaged in any enterprise in which statutory or municipal ordinance regulations are now or shall hereafter be imposed for the regulating, guarding, use or the placing of machinery or appliances or for the protection and safeguarding of the employees or the public therein. The occupations, enterprises and businesses enumerated in both sub-paragraphs are declared to be extra-hazardous. The exception referred to in sub-paragraph 1 is not material to the consideration of this case because it pertains only to farmers and work done upon farms. The only business enumerated in sub-paragraph 1 in which the school district was engaged at the time of the injury was "maintaining" structures—school houses.

There are obvious reasons why a school district and its employees while erecting, removing, remodeling, altering or demolishing a structure or building are declared to be engaged in an extra-hazardous enterprise or business by

sub-paragraph 1, and it is equally obvious why a school district in maintaining a building which must be conducted under a statute or municipal ordinance which regulates the "guarding, use or the placing of machinery or appliances or for the protection and safeguarding of the employees or the public therein," is declared to be engaged in an extra-hazardous enterprise; but the language of these sub-paragraphs cannot be construed to declare that the business of cutting grass on a school house yard with a lawnmower is an extra-hazardous occupation, which will automatically bring a school district and the operator of a lawnmower within the provisions of the Workmen's Compensation act.

It is not contended that there is any statutory or municipal regulation relating to the operation of a lawnmower, nor is it pointed out that any of the school buildings of the district are of a type or character which are made the subject of statutory or municipal regulation. From all that is disclosed by the record the buildings may have been school houses of one room, each, and heated by stoves. If they were of that type the provisions of sub-paragraph 8 would not apply, and it would be a strained construction of the language of sub-paragraph 1 to declare that mere maintenance of such a school building would bring the district and its employees within the act. If the word "maintaining," as used in sub-paragraph 1, is to be defined pursuant to the contention of plaintiff in error, then the act is broad enough to include every householder who employs a man to mow his yard or rake his leaves, and also includes every country school district, no matter how small a school house it maintains.

It was held in *Board of Education* v. *Industrial Com.* 298 Ill. 61, that a janitor who was injured by a fall while washing windows on the second floor of a school building was entitled to compensation. The award, however, was not made on the ground that a building was being maintained by the school district. The determining factor was

the type of the building maintained. It had the characteristics of a structure necessary to bring it within the terms of sub-paragraph 8. It was two and a half stories high and was equipped with a boiler and steam heating plant which required city inspection. It was of the size which the law says must be provided with fire-escapes, and the court held that because of the statutory and municipal regulations relating to such a building the act applied to it. No case is to be found which holds the mere maintenance of a building, without regard to its size, equipment or character, will subject a school district to the provisions of the act.

A situation somewhat similar to the one involved in this case was presented in *Compton* v. *Industrial Com.* 288 Ill. 41. A janitor at a school building was injured by a fall from a tree. He was denied compensation because the record did not show the school building was subject to statutory or municipal regulation, and also because the petitioner was not injured while engaged in the performance of any duty pertaining to the school building itself, and the court said: "Even if defendant in error [school district] in the conduct and management of the school building had been engaged in an extra-hazardous business, enterprise or occupation, the injury did not arise out of or in the course of the deceased's employment in that business." And so in this case, plaintiff in error was not injured while in the performance of a duty in or upon any structure maintained by the school district or in the course of his employment in an extra-hazardous business. The parties were not operating under the Workmen's Compensation act, and the circuit court did not err in setting aside the decision of the Industrial Commission making an award.　　　　　　　　　*Judgment affirmed.*