(No. 1777—

JOHN T. GARVINS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 1, 1933.*

CHARLES G. SEIDEL, for claimant.

OTTO KERNER, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. JUSTICE VAUSE delivered the opinion of the court:

Claimant seeks to recover compensation under the terms of the Act commonly known as the Workmen's Compensation Act for an injury claimed to have been suffered by him February 19, 1931, while employed as an attendant at the Elgin State Hospital. The nature of the injury alleged is a left side inguinal hernia, claimed to have been received by the claimant while he, assisted by three inmates of the institution, was carrying a hand stretcher containing a dead body into the morgue of the institution where he was employed, and that

the injury arose out of and in the course of his employment. The accident occurred by one or more of the inmates holding on to the other end of the stretcher from the claimant, moving in such a way that the end of the pole of the stretcher struck claimant in the left side.

The statute granting this court jurisdiction to hear and determine claims for compensation to State employees is contained in sub-paragraph 6, Section 6 of the Act creating this court, Smith Hurd's Statutes, 1931, Chapter 37, Paragraph 432, and is as follows:

"(6) To hear and determine the liability of the State for accidental injuries or death suffered in the course of employment by any employee of the State, such determination to be made in accordance with the rules prescribed in the Act commonly called the 'Workmen's Compensation Act,' the Industrial Commission being hereby relieved of any duty in connection thereto."

By Paragraph 3 of the Workmen's Compensation Act, Smith Hurd's Statutes, 1931, Chapter 48, Paragraph 139, it is provided that the provisions of the Workmen's Compensation Act shall apply automatically to the State as an employer "and to all employers and all their employees engaged in any department of the following enterprises or businesses which are declared to be extra-hazardous, namely:" and thereafter the statute sets out ten sub-paragraphs declaring the extra-hazardous businesses or enterprises.

The Workmen's Compensation Act does not automatically apply to all employees of the State, but is available to such employees only when they are engaged as such employees in an employment in a department of the State which is engaged in the named extra-hazardous enterprises. *Village of Chapin* vs. *Industrial Commission*, 336 Ill. 461.

In determining what enterprises of the State are extra-hazardous, this court is bound by the enactment of the Legislature of the State as set forth in the sub-paragraphs of Section 3 of the Workmen's Compensation Act above referred to, and if the employment of the claimant was not such at the time of the alleged injury as brought him within the terms of the Workmen's Compensation Act, this court has no authority to award compensation.

We have carefully considered the evidence in this case and we find nothing therein which brings the employment of the claimant at the time of the alleged injury within any of the

extra-hazardous enterprises declared by Section 3 of the Workmen's Compensation Act.

The claimant in his employment not being within the terms of the Workmen's Compensation Act, this court is without any authority to make an award in his favor. Therefore, the claim is denied and the suit dismissed.