(No. 2223—

GUS H. KAROUKES, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 25, 1938.*

NICHOLAS P. CONGLIS, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

In presenting his claim for compensation, the claimant alleges that he went into the employ of the Attorney General of this State on February 1, 1925, and worked in the Chicago office; that on July 15, 1931, while attending to his duties, he was injured by the collapse of a chair upon which he was sitting; that from July 15, 1931 until March 12, 1932, he was treated by Dr. H. L. Peterson, and that on March 12, 1932, because of severe pains, he was forced to remain away from his duties, and thereafter until July 18, 1932, he was required to wear a brace to strengthen his back; that on said last mentioned date, he went to the Mayo Clinic at Rochester, Minnesota, where X-ray pictures were taken, and said pictures disclosed a forward displacement of the fifth lumbar vertebra; that an operation was necessary to correct the injury and as a result thereof, he was unable to work from July 18, 1932 until the claim was filed, and he further alleged in his complaint, that he would be unable to do any kind of work until January 1, 1934.

Claimant further alleged that his salary was Two Hundred Dollars ($200.00) per month, and that he spent much money endeavoring to be cured, and he asks that this court

grant him such compensation as is just and equitable according to the statute in such case made and provided.

The original claim was filed on August 4, 1933. The Attorney General filed a demurrer to the claim, and on March 27, 1936, Nicholas P. Conglis, filed his appearance as attorney for the claimant, and on April 25, 1936, the claimant filed an amended claim. In the amendment it is alleged that the State of Illinois is one of the several states of the United States, and had full power and authority to create, maintain and keep within its territory several offices, among which is the office of the Attorney General; that the Attorney General was empowered to maintain and keep several offices in several cities in the State of Illinois, among which he has an office in the City of Chicago; that the claimant went into the employ of the Attorney General on the 1st day of February, 1925; that on the 16th day of July, 1931, while the claimant was engaged in the performance of his duties, he was injured when he attempted to sit on a certain swivel chair furnished by the State of Illinois, and located in the office of the Attorney General. It is also alleged that the injury became permanent; that he continued in the employ of the State up to and including the 1st day of January, 1933; that said injury increased and became complicated, and it became necessary for the claimant to have performed a serious operation on his spine; that on January 31, 1933, he was discharged by the State by reason thereof, and on several occasions thereafter, he filed his claim with the Honorable Otto Kerner, Attorney General of the State of Illinois, but no payment was made to him on account of his injuries. He further alleges that on the date of his injury there was in force in this State, the Workmen's Compensation Act, and reference is made to Section 3 thereof. It is charged that this statute automatically applied to the State and it became the duty of the State by reason of the statute to provide for claimant the necessary medical expenses and to pay to claimant the compensation payable to persons injured, when such injuries arose out of and in the course of their employment. Claimant avers that he served notice upon the Attorney General at Chicago, Illinois, of his injuries on July 15, 1931; that on the 3rd day of August, 1933, being within a year from the date of the last payment received by the claimant from the State,

claimant filed his original claim with the Clerk of this court; that on several occasions he communicated with the office of the Attorney General at Chicago and presented his claim for additional compensation, including compensation and reimbursement for medical services. He claims compensation at the rate of Fifteen Dollars ($15.00) per week from the 1st day of January, 1933 for permanent injuries, said compensation to continue until the amount paid equals the amount which would have been payable as a death benefit.

A second count was filed and therein claimant alleged that it became the duty of the defendant, the State of Illinois, to exercise due care and caution for the safety of its employees, and to exercise such due care and caution to supply, maintain and keep the place where its employees were performing their duties in a safe and secure condition, but the State disregarded this duty and permitted a certain swivel chair to become in bad repair and condition; that the claimant was in the exercise of due care and caution for his own safety, and by reason of the defective condition of the chair, he sustained injuries. This amended declaration was filed on April 25, 1936.

The Attorney General filed a motion to dismiss the amended complaint and also the original complaint on the grounds that the claimant was not under the Compensation Act while in the performance of his duties as a clerk in the Chicago office of the Attorney General, and on the further grounds that neither the first claim filed herein, nor the amended claim, were filed within the time specified under Section 24 of the Compensation Act, and on the further ground that the employment in which the claimant was engaged is not within the terms and provisions of the Compensation Act.

In the second count of the amended complaint, an attempt is made to state a cause of action at common law.

The motion of the Attorney General must be sustained for several reasons. We have repeatedly held that the Workmen's Compensation Act does not apply automatically to the State or to municipal corporations unless they are engaged in an enterprise or business declared to be extrahazardous under Section 3 of the Compensation Act.

*Village of Chapin* vs. *Industrial Commission,* 336 Ill.
461;
*Garvin* vs. *State,* 7 C. C. R. 236;
*Harrison* vs. *State,* 6 C. C. R. 397;
*Scrioner* vs. *State,* 6 C. C. R. 521.

No facts are alleged to show claimant to have been engaged in an extra-hazardous employment. Again it is the law that where the State is in the exercise of a governmental function it is not liable to respond in damages for the negligent acts of its officers, servants or employees and the doctrine of respondeat superior does not apply.

*Pelka* vs. *State,* 6 C. C. R. 390;
*Sturrock* vs. *State,* 7 C. C. R. 157;
*Walen* vs. *State,* 8 C. C. R. 501.

Claimant avers that he was paid for some medical services, but even so, that does not bring him within the provisions of the Compensation Act because the furnishing of medical, surgical and hospital services for an injured employee is not a payment of compensation and the time within which to make claim for the same is not governed by Section 24 of the Workmen's Compensation Act but by the general five year limitation period.

*Wolfe* vs. *State,* 8 C. C. R. 333.

There was a time in Illinois when payment of medical, surgical and hospital services was considered a payment of compensation or an acknowledgment of liability under the Compensation Act. The effect of this was to deprive claimants of payment of any medical services until liability under the Compensation Act was definitely established. The Act was amended by the legislature to the effect that the payment by the employer of hospital bills, medical services, etc., was not a payment of compensation.

Under no circumstances is the State liable at common law for any of the injuries sustained, and the claimant not having brought himself within the provisions of the Workmen's Compensation Act, the motion of the Attorney General must be sustained.