(No. 25056.—

THE VILLAGE OF NILES CENTER, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JAMES F. BARR, Defendant in Error.)

*Opinion filed June 19, 1939.*

PEREGRINE & BRUEGGER, and CHARLES C. WOOSTER, for plaintiff in error.

EUGENE COHEN, for defendant in error.

Mr. CHIEF JUSTICE WILSON delivered the opinion of the court:

James Barr, also known as Joseph F. Barr, an employee of Peter Heinz, an independent contractor, suffered an accidental injury arising out of and in the course of his employment, while operating a horse-drawn mower on a parkway or grass plot between the paved portion of a street

and a sidewalk in the village of Niles Center. Heinz had not insured or guaranteed his liability to pay compensation, but he furnished medical services and paid $17.43 in compensation to his employee. Barr filed an application with the Industrial Commission seeking the adjustment of compensation for his injury. The arbitrator awarded him $393.75, holding the village liable to pay the compensation. The commission, on review, sustained the award of the arbitrator and the superior court of Cook county confirmed its decision. We have granted a writ of error for a further review.

From the undisputed facts it appears that the village superintendent of streets and water had charge of the parkways, twelve to sixteen feet wide, which lie between the sidewalks and the curbings. In June, 1935, he employed Heinz to cut the weeds and grass in the parkways of a certain section of the village. Quack grass and weeds in these parkways stood two or three feet high and there was also some sweet clover which was a foot or two in height. Although the superintendent did not know whether a duty rested on the village to have the grass cut he testified that the contract was made to accommodate the residents. He added that the view of persons in automobiles traveling upon the streets might possibly have been obstructed by the weeds in a few places. Heinz, the contractor, employed Barr to operate his Bradley horse-drawn mowing machine equipped with a four and one-half foot cutting bar which cuts about a five-foot swath along the grass plot. On June 20, 1935, while operating the mower in the regular course of his employment, the team of horses drawing the machine suddenly started to run at the intersection of Wright terrace and Greenleaf street. Barr was unable to control the horses and was thrown from the mower into the air for a distance of about ten feet, resulting in injuries to his right hand.

The decisive issue requiring consideration is whether the village is subject to liability to Barr, the employee of Heinz.

Section 31 of the Workmen's Compensation act, (Ill. Rev. Stat. 1937, chap. 48, par. 168, p. 1584,) so far as relevant, declares: "Any one engaging in any business or enterprise referred to in sub-sections 1 and 2 of section 3 of this act who undertakes to do any work enumerated therein, shall be liable to pay compensation to his own immediate employees in accordance with the provisions of this act, and in addition thereto if he directly or indirectly engages any contractor whether principal or sub-contractor to do any such work, he shall be liable to pay compensation to the employees of any such contractor or sub-contractor unless such contractor or sub-contractor shall have insured, in any company or association authorized under the laws of this State to insure the liability to pay compensation under this act, or guaranteed his liability to pay such compensation." Section 3 (par. 139) ordains that the provisions of the act shall apply automatically and without election, among others, to any body politic and to "all employers and all their employees, engaged in any department of the following enterprises or businesses which are declared to be extra-hazardous, namely: 1. The erection, maintaining, removing, remodeling, altering or demolishing of any structure, except as provided in sub-paragraph 8 of this section. 2. Construction, excavating or electrical work, except as provided in sub-paragraph 8 of this section." The exception referred to applies only to farmers and work done upon farms.

The village contends that mowing grass and weeds on the parkways or grass plots adjacent to the curbs of its paved streets is not work enumerated as extra-hazardous in sub-sections 1 and 2 of section 3 and, hence, claims immunity from liability. Sub-section 1 applies to the business of erecting, maintaining, removing, remodeling, altering or demolishing of any structure. (*Walsh* v. *Industrial Com.* 345 Ill. 366; *Alabach* v. *Industrial Com.* 291 id. 338.) Only such occupations, enterprises or businesses of the employer are included as may properly be considered extra-

hazardous when conducted under the conditions set forth in the statute. (*Hahnemann Hospital* v. *Industrial Board,* 282 Ill. 316; *Uphoff* v. *Industrial Board, 271* id. 312.) In short, the statute merely includes the maintenance or construction of structures which may reasonably be said to be an extra-hazardous occupation. (*McLaughlin* v. *Industrial Board,* 281 Ill. 100.) In particular, a common dirt road is not a "structure," within the meaning of this term, as employed in the Compensation act, and, hence, the building or maintenance of such a road in the ordinary way is not a dangerous or extra-hazardous occupation. (*Village of Chapin* v. *Industrial Com.* 336 Ill. 461; *McLaughlin* v. *Industrial Board, supra.*) In the case last cited, this court pointed out that a common public dirt road is not a structure within the contemplation of the Compensation act. On the other hand, an improved public street, it has been decided, is a "structure," within the contemplation of the Workmen's Compensation law. The maintaining and repairing of such streets constitute the maintaining and repairing of a "structure," when, in fact, extra-hazardous. *City of Rock Island* v. *Industrial Com.* 287 Ill. 76.

Reliance upon the *City of Rock Island case* cannot, however, avail Barr. The employee, in the case cited, when injured, was sweeping and cleaning the paved portion of the streets and was, accordingly, held to be engaged in the extra-hazardous occupation of repairing and maintaining them. The work was being done to and upon the surface of the pavement itself and in the path of the motor traffic using the paved streets. Moreover, sweeping and cleaning the street was deemed a dangerous employment only because the occupation subjected the employee to the dangers of being injured by passing automobiles or other vehicles. The reason for the rule is not present here and the rule is, hence, inapplicable. The danger to a person cutting grass on a parkway being injured by automobiles is too remote to warrant us in holding that the occupation is extra-haz-

ardous. Indeed, Barr's injuries are attributable to the horses drawing the mower and not to a vehicle in the paved portion of the street.

*Board of Education* v. *Industrial Com.* 346 Ill. 505, is analogous to the case at bar. There, a janitor employed by a school district which owned and maintained three school buildings was injured while mowing grass on a schoolhouse lawn with a hand mower. The janitor, it was held, was not injured in the performance of a duty in or upon a structure maintained by the district or in the course of his employment in an extra-hazardous occupation. Holding that the mowing of grass on premises contiguous to a school building did not constitute maintenance of the building itself this court observed that sub-section 1 of section 3 could not be construed to declare the business of cutting grass on a schoolhouse yard with a lawn-mower an extra-hazardous occupation. *Compton* v. *Industrial Com.* 288 Ill. 41, where compensation was also denied, is to the same effect. In the *Compton case,* the janitor of a school building in Danville sustained fatal injuries while trimming trees on the premises on which the building stood. Obviously, the grounds were not actually a part of the school structure, and the work of trimming trees on the grounds adjacent to the building was not "maintaining" a structure. The parkways or grass plots in the instant case were not actually a part of the street structure itself and the cutting and clearing of grass and weeds from the parkways cannot be said to be the work of the "erection, maintaining, removing, remodeling, altering or demolishing of any structure" within the contemplation of sub-section 1 of section 3 of the Workmen's Compensation act. It follows, necessarily, that Barr is not entitled to the remedy afforded by section 31.

The order of the superior court is reversed and the award of the Industrial Commission is set aside.

*Order reversed and award set aside.*