## Stephen Matecny, Administrator, Appellee, v. Vierling Steel Works, Appellant.

### Gen. No. 19,350.

1. MASTER AND SERVANT, § 98a*—*who entitled to compensation under Workmen's Compensation Act.* Under section 4 of the Workmen's Compensation Act of 1912, J. & A. ¶ 5452, where the employe leaves a dependent mother and nondependent brother and sisters, the compensation is to be awarded to the mother alone, and such brothers and sisters are not entitled to participate with the mother in the compensation allowed.

2. MASTER AND SERVANT, § 98a*—*beneficiaries under Workmen's Compensation Act.* Paragraph "E" of Section 4 of the Workmen's Compensation Act of 1912, J. & A. ¶ 5452, simply prescribes the method of determining the respective shares of the dependent heirs in the trust fund in hands of the administrator, and the word "beneficiaries" contained therein must be construed to mean dependent heirs.

3. MASTER AND SERVANT, § 98a*—*when obligation of employer to pay compensation for death of employe ceases.* When an employe dies as a result of his injuries leaving only a dependent mother, the obligation of the employer to make payments of compensation awarded to her ceases upon her death, and the right to further payments does not survive her death and inure to the benefit of her estate.

4. MASTER AND SERVANT, § 98a*—*when award of compensation in lump sum cannot be sustained.* An order of court awarding payment of the entire compensation allowed for the death of an employe in a lump sum will be reversed, where the trial court in passing on the petition adopted an erroneous theory of the law and the Appellate Court is unable to say that such error did not work a prejudice to the defendant, it appearing that the only beneficiary was a woman fifty-eight years of age and in ill health, who might not live the period of time the defendant was obligated to make the payments in instalments and that the court did not give proper effect to such facts.

5. MASTER AND SERVANT, § 98a*—*propositions of law relating to Workmen's Compensation.* Propositions of law relating to who are beneficiaries entitled to compensations allowed for the death of an employe and relating to the right to have compensation paid in a lump sum, under the provisions of the Workmen's Compensation Act of 1912, *held* improperly refused.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed and remanded. Opinion filed July 2, 1914.

**Statement by the Court.** This appeal is taken from a judgment of the Superior Court of Cook county, ordering a lump sum payment under the Act approved June 10, 1911, and in force May 1, 1912, commonly known as the "Compensation Law." (J. & A. ¶¶ 5449 *et seq.*) Joseph Matecny, an employe of the appellant, was fatally injured in July, 1912, in the course of his employment, the injuries sustained arising out of the said employment. Both the appellant and the deceased employe were subject to the provisions of the said compensation law, and the administrator of the estate of Matecny brought these proceedings for the purpose of securing the death benefits due and to become due under the law in a lump sum, in accordance with the provisions of section 5½ of the Act. (J. & A. ¶ 5454.) The deceased, Joseph Matecny, left surviving him as his only heirs at law his mother, Marie Matecny, and five brothers and sisters. The mother at the time these proceedings were commenced was fifty-eight years of age, an invalid unable to work and support herself and requiring an attendant to care for her. The deceased had contributed to her support within five years previous to the time of his death, but none of the brothers or sisters were dependent upon the earnings of the deceased. It was agreed that the total amount of compensation due and to become due under the act was $1,861.60, payable in biweekly instalments of $8.95 and that the present worth of the sum named payable in such instalments with interest computed at five per cent. per annum was $1,551.34. The facts, above stated, and all matters of fact material to the issues set up in the petition were stipulated between the parties, and upon

a hearing by the court without a jury the facts so stipulated were found by the court, which also found that it was to the best interest of the parties that the entire compensation be paid in a lump sum, and judgment was entered for the appellee for $1,551.34. Proper objections and exceptions to the findings of the court and to the entry of judgment were entered by the appellant and four propositions of law setting out the contentions of appellant as to the law of the case were presented and marked "refused" by the court.

RALPH F. POTTER, for appellant.

FRANK H. BICEK and ROCKHOLD & BUSCH, for appellee; FRANCIS X. BUSCH, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

The appellant relies for a reversal of the judgment upon the following alleged errors:

First. The court erroneously refused to hold the four propositions of law submitted by the appellant.

Second. It was error for the court under the admitted facts of the case to enter an order and judgment that the entire compensation be paid in a lump sum.

The Workmen's Compensation and Employers' Liability Act, under which the proceedings in this case were brought, was approved June 10, 1911, and went into force May 1, 1912. (J. & A. ¶¶ 5449 *et seq.*) The title of the act reads as follows: "To promote the general welfare of the people of this State by providing compensation for accidental injuries or death suffered in the course of employment." The sections of the act material to the present inquiry are as follows:

"Section 4. The amount of *compensation* which the employer who accepts the provisions of this Act shall pay for injury to the employe, which results in death, shall be:

a. If the employe leaves any widow, child or children, or parents or other lineal heirs to whose support he had contributed within five years previous to the

time of his death, a sum equal to four times the average annual earnings of the employe, but not less in any event than one thousand five hundred dollars, and not more in any event than three thousand five hundred dollars. Any weekly payments, other than necessary medical or surgical fees, shall be deducted in ascertaining such amount payable on death.

b.  If the employe leaves collateral heirs dependent upon his earnings, such a percentage of the sum provided in section 'a' as the contributions which deceased made to the support of these dependents bore to his earnings.

c.  If the employe leaves no widow or child or children, parents or lineal or collateral heirs dependent upon his earnings, a sum not to exceed one hundred and fifty dollars for burial expenses.

d.  All *compensation* provided for in this section to be paid in case injury results in death, shall be paid in instalments equal to one-half of the average earnings, at the same intervals at which the wages or earnings of the employe were paid while he was living; or if this shall not be feasible, then the installments shall be paid weekly.

e.  The *compensation* to be paid for injuries which result in death, as provided for in this section, shall be paid to the personal representative of the deceased employe and shall be distributed by such personal representative to the beneficiaries entitled thereto, in accordance with the laws of this State relating to the descent and distribution of personal property." (J. & A. ¶ 5452.)

"Sec. 5½.  Any person entitled to *compensation* under this Act, or any employer who shall be bound to pay *compensation* under this Act, who shall desire to have such *compensation* or any part thereof, paid in a lump sum, may petition any court of competent jurisdiction of the county in which the employe resided or worked at the time of disability or death, asking that such *compensation* be so paid, and if upon proper notice to the interested parties, and a proper showing made before such court, it appears to the best interest

of the parties that such *compensation* be so paid, the court shall order payment of a lump sum, and where necessary, upon proper application being made, a guardian, conservator or administrator, as the case may be, shall be appointed for any person under disability who may be entitled to any such *compensation*, and an employer bound by the terms of this Act, and liable to pay such *compensation*, may petition for such appointment where no such legal representatives have been appointed or acting for such party or parties so under disability.'' (J. & A. ¶ 5454.)

"Sec. 11.   *   *   *   Any right to receive *compensation* hereunder shall be extinguished by the death of the person or persons entitled thereto, subject to the provisions of this Act relative to *compensation* for death received in the course of employment.   *   *   *''
(J. & A. ¶ 5460.)

The present act under consideration must not be confused with the later Workmen's Compensation Law of 1913.

The four propositions of law submitted to the court and marked ''refused'' are as follows:

"1.   The court holds as a matter of law that the word beneficiaries as used in section 4-e of an act entitled, 'An act to promote the general welfare of the people of this State by providing compensation for personal injuries or death suffered in the course of employment,' approved June 10, 1911, in force May 1, 1912, refers to lineal heirs and collateral heirs dependent upon deceased's earnings referred to in paragraphs a and b of the same section.

2.   The court holds as a matter of law that in this case the sole beneficiary entitled to receive compensation under section 4 of an act entitled, 'An act to promote the general welfare of the people of this State by providing compensation for accidental injuries or death suffered in the course of employment,' approved June 10, 1911, in force May 1, 1912, is the mother of the deceased, Marie Matecny.

3.   The court holds as a matter of law that where an employe sustains an injury which results in death,

under circumstances which require the employer to pay compensation under the provisions of an act entitled, 'An act to promote the general welfare of the people of this State by providing compensation for accidental injuries or death suffered in the course of employment,' approved June 10, 1911, and in force May 1, 1912, and leaves a mother to whose support he has contributed within five years previous to the time of his death, and collateral heirs who were not dependent upon his earnings as his sole heirs at law the weekly payments provided in section 4-d of the said act are payable to the administrator during the lifetime of the mother, and if the mother shall die before the payments provided by section 4-a and 4-d of the said law are completed, the employer shall not be liable to make further payment after the death of the mother.

4.    The court holds as a matter of law that where an employe sustains injuries which result in his death, under circumstances which require the employer to pay compensation under the terms of an act entitled, 'An act to promote the general welfare of the people of this State by providing compensation for accidental injuries or death suffered in the course of employment,' approved June 10, 1911, and in force May 1, 1912, and leaves surviving him a mother to whose support he has contributed within five years previous to the time of his death, and collateral heirs who were not dependent upon his earnings, as his sole heirs at law, and where said mother was at the time of the injury and death 58 years of age and an invalid, the court will not order the compensation provided by section 4-a of the said act to be paid in a lump sum under the provisions of section 5½ of the said act.''

The position of the appellant, briefly stated, is that under section 4 of the Act all the compensation, under the law, must be paid by the administrator to the mother, Marie Matecny; that no part of the compensation is payable to the brothers and sisters, or any of them; that the amount paid to the mother is limited to biweekly payments of $8.95 for a period of eight

years, provided she should live so long; and that in the event of her death, prior to the expiration of eight years, the payments would cease. The appellant admits that under section 5½ of the Act, the court might, in a proper case, order the entire compensation paid in a lump sum, but it insists that, under the facts of this case, the court abused its discretion in ordering such a payment, for the reason that the mother was the sole beneficiary under the act, and her age and physical condition made it probable that she would die prior to the expiration of the eight years' payment period fixed by the act, and that, therefore, it was not to the best interest of the appellant to order such a payment.

The position of the appellee is: First, that under the act, the nondependent brothers and sisters participate with the dependent mother in the compensation allowed; second, that by the terms of the act, the entire compensation is made a vested right in the said beneficiaries; third, that, even if it be held that the mother alone is the beneficiary, her right to either weekly payments covering a period of eight years, or a lump sum payment, became a vested right upon the death of Joseph Matecny and the appointment of the administrator of his estate; and if any part thereof were unpaid at the time of her death, the right to the remainder would not lapse or be defeated by her death, but would form a part of her estate; fourth, that the court properly found under the admitted facts that it was for the best interest of the parties that a lump sum payment of the entire compensation be ordered.

The power of the court, in a proper case, to require compensation payments due and to become due to be paid in a lump sum under the provisions of section 5½ of the Act, is conceded.

The first question for us to decide is: Is the compensation received by the administrator, under the law, payable by the administrator to the mother, Marie Matecny, alone, or do the nondependent brothers and

sisters participate in the amount received? In determining this question, we must look to the entire act and ascertain, if possible, the intent and purpose of the Legislature in enacting the law. "It is always necessary, first, to understand the subject of an act and the object to be accomplished by it. Once the subject matter is clearly ascertained and the general legislative purpose discovered, a key is thereby furnished which will enable one to correctly interpret all of the constituent and subordinate elements found in the act." *Dietz v. Big Muddy Coal & Iron Co.,* 263 Ill. 480-487. "It is an elementary rule of construction that all parts of a statute must be considered together and not each by itself. (Sutherland on Stat. Const. sec. 215; *Maiss v. Metropolitan Amusement Ass'n,* 241 Ill. 177; *Soby v. People,* 134 id. 66.)    *   *   *   The several provisions of the statute should be construed together in the light of the purpose and objects of the act, so as to give effect to the main intent, even though in so doing particular provisions are not construed according to their literal reading." *Krome v. Halbert,* 263 Ill. 172.

The title of the act is significant: "An act to promote the general welfare of the people of this State, by providing *compensation* for accidental injuries or death suffered in the course of employment." Section 4 of the Act is the one that designates the beneficiaries in case of the death of the employe. In the first sentence of this section and in paragraphs d and e of the same section, in speaking of the amount that the employer shall pay, it is called *compensation.* Some of the meanings of the word "compensation" as defined by the Century Dictionary, are as follows: "That which is given or received as an equivalent, as for services, debt, want, loss, or suffering; indemnity; recompense; amends; requital. That which supplies the place of something else, or makes good a deficiency, or makes amends."

If paragraph e of section 4 were not in the act, it would be very plain to whom the payments of compensation are to be made. The appellee relies upon paragraph e to sustain his contention that the administrator must distribute the compensation received by him to the heirs of the deceased employe, according to the Illinois statute of descent and distribution of personal property. Under paragraphs a and b, the compensation would be paid only to heirs to whose support the deceased had contributed. Paragraph c provides that the employer shall only be required to pay funeral expenses to the administrator, in case the employe leaves no *dependent* heirs. This paragraph is an important one in the interpretation of the intent and purpose of the act. After a very careful study of the entire act, in the light of the rule laid down by our Supreme Court, we have reached the conclusion that the intent and purpose of the act is to make compensation, in part at least, to the injured workman for the pecuniary loss sustained by him; or in case of his death, caused by injuries sustained by him in the course of his employment, to compensate, in part at least, his heirs, to whose support he had contributed during his lifetime, for the pecuniary loss sustained by them through the death of the said workman. The purpose of the law (as we construe it) can only be carried out by making all payments due under the law payable to the injured workman, or in case of his death from injuries sustained by him in the course of his employment, to those to whose support he had contributed during his lifetime. In refusing the first proposition of law submitted by the appellant, the trial court interpreted the word "beneficiaries" in paragraph e as meaning all the heirs of the deceased, regardless of whether they were dependent or not. We cannot agree with this interpretation. Such a construction, in our judgment, does violence to the plain purpose and spirit of the act, and it would work a grave injustice in this and many other cases

arising under the act. The word "beneficiary" means, "one for whose benefit a trust is created, a *cestui que trust*." Black's Law Dictionary; Bouvier's Law Dictionary. Keeping in mind the purpose of the act, it is not difficult to interpret paragraph e. The beneficiaries contemplated by the paragraph are the particular heirs who have suffered pecuniary loss by reason of the cutting off of the wages of the deceased employe. These are the heirs who are entitled to the *compensation* under the act. Paragraph e simply prescribes the method of determining the respective shares of the *dependent* heirs in the trust fund in the hands of the administrator. The present case illustrates what might follow if the appellee's interpretation of paragraph e were adopted. The deceased left an invalid mother dependent upon him for support; he also left five brothers and sisters, none of whom were dependent upon his earnings for support and who suffered no pecuniary loss by reason of his death. If the appellee is correct in his interpretation of paragraph e, the five brothers and sisters would receive five-sevenths of the sum payable by the appellant to the administrator, and they would receive the same solely by reason of the fact that the deceased employe left a mother dependent upon him for support. It is conceded that if it were not for the fact that the deceased employe left surviving him a mother dependent upon him for support, the administrator could recover nothing against the appellant in this case. We are satisfied that the mother is entitled to the entire compensation that the appellant must pay under the act. It follows from what we have said that the court erred in refusing the first and second propositions of law submitted by the appellant.

The appellant claims that under section 11 of the act, the payments cease upon the death of the dependent person or persons entitled to receive them, and that in the present case the appellant would not be obligated to make any further payments to the administrator

after the death of the mother. The appellee contends that, even if it be held that the mother was the sole beneficiary, still her right to the entire compensation became vested upon the death of Joseph Matecny, and the appointment of an administrator for his estate, and that this right would survive her death and inure to the benefit of her estate. After a careful consideration of this question, we have arrived at the conclusion that the contention of the appellant is correct, and that the obligation of the appellant to pay compensation to the administrator would be extinguished on the death of the mother. We do not believe that the act contemplates that the employer shall pay any money to non-dependent heirs. It follows from what we have said that the court erred in refusing to hold the third proposition of law submitted by the appellant.

It is apparent from the action of the trial court in refusing the first, second and third propositions of law submitted to him by the appellant, that the court interpreted the law to mean that, in addition to the mother, the five brothers and sisters were beneficiaries under the act, and that the employer was obligated to continue the payments provided by section 4, after the death of the mother. In the view of the law taken by the trial court, the death of the mother would have no controlling effect on the payments by the appellant. The fact that the mother was fifty-eight years of age, and an invalid unable to work and support herself, requiring that someone should attend to and take care of her, was merely a circumstance to be considered, together with the fact that there were five young brothers and sisters of the deceased employe, in determining whether the appellant should be ordered to pay the entire compensation in a lump sum. Section 5½ allows the court to order the employer to pay the compensation, or any part thereof, in a lump sum, where *it appears to the best interest of the parties* that such compensation be so paid. Plainly the law contemplates that the court,

in passing upon the question of the payment of the compensation in a lump sum, shall regard the rights of the employer as well as the rights of the beneficiaries. The appellant concedes that, under the stipulated facts in this case, the court would have been justified in ordering the appellant to pay a portion of the compensation in a lump sum, as provided in section 5½, but it strenuously insists that it was exceedingly unfair, and not to the best interest of the appellant, under the facts of the case, that it should be compelled, on the filing of the petition by the administrator, to pay the entire compensation in a lump sum. The appellant insists that (in the absence of a lump sum order) it was obligated to make the payments in instalments, extending over a period of eight years, and that the court could not, with any reasonable degree of certainty, foresee that the mother could live so long, in view of her age and the precarious condition of her health, and that the trial court failed to give proper effect to these important facts in passing upon the petition of the appellee.

If we are correct in our interpretation of the law, it follows that the trial court, in passing upon the petition in this case, adopted an erroneous theory of the law, and we cannot say, under the facts of the case, that this error did not work to the prejudice of the appellant. Had the court interpreted the law as we do, it might very well, under the particular circumstances in this case, have refused to order the appellant to pay more than a part of the compensation in a lump sum. The judgment of the Superior Court of Cook county will, therefore, be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*