# CHARLESTON.

Gaetano Poccardi, Royal Consul, etc., v. Lee Ott, State Compensation Commissioner.

. Submitted September 1, 1920.  Decided September 7, 1920.

1. Master and Servant—*Compensation Payments Accruing Before Beneficiary's Death Receivable by Representative.*

Upon the death of a beneficiary to whom an award has been made pursuant to the provisions of clause (c), section 33, chapter 15P, Code 1918, accruing and payable in periodic in-

stallments, the lawful representative of his or her estate may claim and receive such portion thereof as had accrued and remained unpaid at the date of the beneficiary's death. (p. 567).

2. SAME—*Estate of Deceased Nonresident Alien Beneficiary, Awarded Compensation, May be Represented by Consul in Collection.*

Pursuant to the general authority conferred by section 39, chapter 15P, Code 1918, as amended by section 39, chapter 131, Acts 1919, the executor or administrator of the estate of a deceased non-resident alien beneficiary may be officially represented, in the collection of such accrued and unpaid installments, by the consular officer of the country of which such beneficiary was a citizen or subject. (p. 568).

(WILLIAMS, PRESIDENT, absent).

From an order of Lee Ott, State Compensation Commissioner, directing the return of a check drawn and mailed by him to the widow and beneficiary of Vito Orazio Gasparro, an Italian, killed in the state in the course of his employment, within Workmen's Compensation Act, Gaetano Poccardi, Royal Consul, appeals on behalf of the widow's heirs, executors, and assigns.

*Payment of claim allowed.*

*Joseph W. Henderson,* for petitioner.

*E. T. England,* Attorney General, and *Frank Lively,* Assistant Attorney General, for respondent.

LYNCH, JUDGE:

Complaining of an order of the State Compensation Commissioner directing the return of a check for $244.19, theretofore drawn and mailed by him, in ignorance of her death, to the widow and beneficiary of Vito Orazio Gasparro, an Italian, killed in this state in the course of employment within the scope of the Workmen's Compensation Act, Gaetano Poccardi, Royal Consul, prosecutes this appeal "on behalf of the heirs, executors and assigns" of said widow. The case presents the question of the status of a compensation award upon the death of the beneficiary.

Vito Gasparro died on April 16, 1917, from fatal injuries received in a coal mine in this state. He left two dependents

found by the commissioner to be entitled to compensation, his widow and one son, both of whom resided in Italy. The son died December 26, 1917, and the widow August 30, 1918. The compensation award to the former was paid to the date of his death. The check involved in this inquiry covered compensation payable to the widow for the period from August, 1917, to June 30, 1918, and which, therefore, had accrued at the time of her death, though the check was not mailed for several months thereafter and in ignorance of her demise. Upon learning the facts, respondent directed that the check be returned to him and likewise declined to pay the compensation due for the period from June 30, 1918, to the date of her death. To review such ruling this appeal is prosecuted.

We are not concerned here with the question whether a compensation award survives upon the death of the beneficiary or ceases with it. That is a matter dependent upon the provisions of the compensation statutes of the several jurisdictions. In England and Ohio, perhaps also in other states, the rule is that an award to a wholly dependent person, for a stated period, vests in the dependent from the date thereof and constitutes a right transmissible as property, and upon the death of such dependent, before the expiration of the period of the award, his or her personal representative is entitled to the balance thereof, if any, remaining unpaid. *United Collieries, Ltd.* v. *Simpson,* (1909) A. C. 383; *State ex rel. Munding* v. *Industrial Commission of Ohio,* 92 Oh. St. 434, and note 13 N. C. C. A. 713. But in this state the statute is clear and explicit as to the termination of the right to a compensation award. Clause (c), section 33, ch. 15P, Code 1918, provides: "If the deceased employee leave a widow or invalid widower, the payment shall be twenty dollars per month until the death or remarriage of such widow or widower." The amendment of 1919, clause (d), section 33, ch. 131, Acts 1919, makes no change in this respect. Hence there can be no question that the death of the widow of Vito Gasparro terminated all her right as well as that of her estate in and to the compensation fund of this state, so far as payments accruing after her death are concerned; and as to them petitioner makes no claim. *Murphy's Case,* 224 Mass. 592; *Matecny*

v. *Vierling Steel Works,* 187 Ill. App. 448; 1 Honnold on Workmen's Compensation, § 79.

But petitioner insists that he is entitled, on behalf of the estate of the deceased beneficiary, to receive such compensation awards as had accrued but remained unpaid at the date of her death. This contention we are disposed to sustain. By virtue of the statute and the commissioner's award, the widow of the deceased workman was entitled to receive twenty dollars per month until her death or remarriage. This money, as it accrued periodically, belonged to the widow as much as if it actually had been paid over to her or deposited to her credit in a bank. The only effect of her death was to cause cessation of the accrual of the installments. The money was hers, held by the commissioner for her benefit. If he had paid before her death the installments already due her, it is clear he would have had no right after her death to claim a refund thereof, for it would have constituted part of her estate to be administered by her personal representative. Similarly his retention of money already due her until after her death cannot increase or enlarge his right in that respect. Therefore, those lawfully representing her estate are entitled to such sum as has accrued during the period from the last payment to the date of her death. Section 42, ch. 15P, Code 1918, as amended by section 42, ch. 131, Acts 1919, contains nothing requiring a different disposition of such fund.

Respondent insists, however, that petitioner does not allege or show that he is authorized to act as executor or administrator of the estate of the deceased widow, and that payment to him would be no defense to a later suit by a lawfully appointed personal representative. Section 39, ch. 15P, Code 1918, as amended by section 39, ch. 131, Acts 1919, provides: "Non-resident aliens may be officially represented by the consular officers of the country of which such aliens may be citizens or subjects; provided, that nothing herein contained shall be construed as giving such consular officer the right to make application for compensation in behalf of non-resident aliens." Respondent contends that this section confers authority upon petitioner to represent only non-resident alien *dependents* of deceased workmen and not their heirs or personal representatives, and that

since the dependents of Vito Gasparro are dead, petitioner possesses no authority to represent their estates. The language of the section, however, is not so limited and seems to embrace all non-resident aliens, which would include the lawfully appointed personal representative or representatives of the widow's estate. The only limitation or restriction placed upon the representative authority of the consular agent is that contained in the proviso, which apparently is directed only to original applications for compensation. In this case, however, the original application for compensation was made at a time prior to the enactment of the proviso and under the broad authority conferred by the preceding portion of the statute. In due time the award was made and payments made or proffered thereunder. The check now in dispute covered all the installments due the widow except those for the last two months of her life. It was mailed pursuant to the award previously granted, though after her death and in ignorance of it. Petitioner's present action relates to a claim already due and allowed but unpaid in part, and clearly does not fall within the scope of the proviso, whatever may be the effect of the latter upon original applications. Therefore, petitioner being authorized by the statute to act in behalf of non-resident aliens in general, including representatives of the widow's estate, any payment made by the commissioner for delivery through petitioner to the persons entitled thereto according to the statutes of Italy could be pleaded in defense of an action subsequently instituted by the personal representative here or elsewhere. Consequently there could not in any aspect of the case be any danger of the complications relied on by the compensation commissioner. The receipt of the Consul of Italy will afford him all the protection he may legally need, demand or require; and should the consul fail or neglect to account properly for the amount so paid and received, he and he only would be liable to the person or persons whom he thus represents.

For the foregoing reasons we are of opinion that the commissioner was in error in refusing payment of the amount covered by the check in question, and further in declining to pay such additional installments as had accrued prior to the death of the

dependent widow; and direct certification of our decision to him.

*Payment of claim allowed.*