ANNIE FORKAS, ADMINISTRATRIX, *vs.* THE INTERNATIONAL SILVER COMPANY.

Third Judicial District, New Haven, January Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and WEBB, Js.

In passing the Workmen's Compensation Act, it was the evident intent of the legislature that all controversies as to compensation arising during the compensation period, should be determined by the Compensation Commissioner, without requiring the parties to resort to an action at law. Accordingly, the question whether the weekly sums, awarded or agreed upon as compensation, continued to be payable, after the death of the injured employee, to his estate, or ceased upon his death to be payable at all, is one within the jurisdiction of the Commissioner, under § 5355 of the General Statutes.

The compensation payable for the complete and permanent loss of the sight of one eye, under § 5352 as amended (Public Acts of 1919, Chap. 142, § 7; Public Acts of 1921, Chap. 306, § 7), is fixed in advance by the terms of the statute and practically constitutes liquidated damages for that specific injury, irrespective of the employee's resulting incapacity or of any compensation paid him therefor; and therefore an obligation to pay such fixed compensation imposed by an award or assumed by a voluntary agreement of the parties approved by the Commissioner, is not terminated by the death of the employee, but survives, until fully discharged, in favor of his executor or administrator.

Section 5375, providing that all sums due for compensation shall be exempt from attachment and execution and shall be non-assignable, was enacted for the protection of the employee; but it was not intended to vary the terms of an award, or of a voluntary agreement between the parties, so as to impair its obligation.

Argued January 24th—decided March 1st, 1924.

APPLICATION by the administratrix of the estate of John Nagy, deceased, claiming to be entitled to the balance of weekly payments alleged to be due under a voluntary agreement for compensation for the loss of the sight of one eye, brought to and tried by the Compensation Commissioner for the third district, and upon a filing of his finding and *pro forma* award in favor of the plaintiff in the Superior Court in New Haven County, reserved by that court, *Avery, J.*, for the advice of this court. *Judgment advised sustaining award of the Commissioner.*

From the finding it appears that John Nagy, while employed by the defendant, suffered an injury arising out of and in the course of his employment, resulting in the loss of the sight of one eye. A voluntary agreement was made by the parties for the payment by the defendant to John Nagy of $9.11 weekly for one hundred and four weeks, that being the compensation which the employee was entitled to receive under § 5352, for the complete and permanent loss of sight in one eye.

The agreement for compensation was approved by the Commissioner and became effective on December 1st, 1922.

On June 20th, 1923, John Nagy died, and it is not found that his death resulted from any injury arising out of and in the course of his employment. Payments in full were made under the voluntary agreement up to the date of his death.

The plaintiff, as administratrix of the estate of John Nagy, claims that the voluntary agreement is one for a

specific sum payable in weekly instalments, the right to which survives to decedent's estate.

The defendant claims that the agreement is one for the payment of compensation during partial incapacity, which terminated upon the death of the employee.

The Commissioner awarded to the plaintiff, *pro forma*, the balance of the weekly sums remaining unpaid under the voluntary agreement. In the Superior Court the defendant moved to vacate the *pro forma* award. On the face of the record two questions are reserved for our advice, which may be formulated as follows:—

1. Had the Commissioner jurisdiction of the claim presented?

2. Did the death of the employee put an end to the defendant's obligation to pay $9.11 weekly for the period of one hundred and four weeks?

*Joseph N. Manfreda*, for the plaintiff.

*Oswin H. D. Fowler*, for the defendant.

BEACH, J. The memorandum of the Commissioner attached to the finding, suggests a doubt as to whether, under § 5355, he had jurisdiction to hear and determine the claim presented by this application. We think he had. It is true that § 5355 carries the limited subtitle "Revision of awards," and for the most part deals with the modification of awards and voluntary agreements; but the last sentence confers a larger jurisdiction, for it provides that "the compensation commissioner shall retain jurisdiction over claims for compensation, awards and voluntary agreements, for any proper action thereon, during the whole compensation period applicable to the injury in question." "Any proper action" on a claim for compensation, must in-

clude the settlement of a dispute as to whether the compensation already awarded or agreed on has been fully paid. The evident legislative intent is that all controversies as to compensation arising during the compensation period should be determined by the Commissioner, without requiring the parties to resort to an action at law.

The answer to the second question turns upon the construction of the agreement, the material portion of which is as follows: "The employer is to pay and the employee to receive, in addition to and at the conclusion of the payments provided in paragraph 1 hereof [i. e. payments covering the period of total incapacity], the sum of $9.11 weekly for one hundred and four weeks, said specific injury being: Loss of sight in right eye."

On the face of it, the promise to pay $9.11 weekly for one hundred and four weeks is unconditional. It is the equivalent of a promise to pay $964.44 in one hundred and four weekly payments of $9.11; and if such a promise were found in a contract relating to a commercial transaction there could be no doubt that it would survive to the administrator of the promisee.

The defendant's contention, that its obligation to continue to perform was terminated by the death of the promisee, is based fundamentally on the contention that all compensation under the statute, except compensation on account of death, is awarded for, and therefore during, incapacity, and hence that it ceases with the death of the recipient. In this connection it should be observed that § 5351, dealing with compensation for total incapacity, provides that "such compensation shall not continue longer than the period of total incapacity"; also that the first portion of § 5352, which deals with compensation for partial incapacity resulting from unclassified injuries, provides that "such compensation . . . shall continue during the period of

partial incapacity." So, if the voluntary agreement in question had related to compensation for total incapacity under § 5351, or for partial incapacity under that part of § 5352 dealing with unclassified injuries, the defendant's contention would be forceful.

But when we turn to that part of § 5352 which deals with compensation for the loss of, or for the complete and permanent loss of the use of, certain specified parts of the human body, a very different case is presented. With respect to the specific injuries named, that part of the statute, as amended, provides that the compensation "in addition to the usual compensation for total incapacity, but in lieu of all other payments for compensation, shall be half of the average weekly earnings of the injured employee" for a fixed term; and for the complete and permanent loss of sight in one eye, for the term of one hundred and four weeks. Public Acts, 1919, Chap. 142, § 7; Public Acts, 1921, Chap. 306, § 7.

The total amount of the compensation to be paid for each of the scheduled injuries is thus fixed in advance by the terms of the statute. The compensation is for the loss. *Saddlemire* v. *American Bridge Co.,* 94 Conn. 618, 628, 110 Atl. 63. As the statute now reads, it is awarded in addition to compensation for total incapacity. And it is also in addition to compensation for partial incapacity not caused by the ordinary and immediate incidents of the loss. *Saddlemire* v. *American Bridge Co., supra; Costello* v. *Seamless Rubber Co.,* 99 Conn. 545, 122 Atl. 79. It is an award which is not dependent on the fact or continuance of an impairment of wage earning power, but all the conditions necessary for its allowance in full are present as soon as the irreparable loss occurs. It thus has all the earmarks of a statutory award of liquidated damages for the loss, and we so described it in the *Saddlemire* case and the *Costello* case. There is no statutory provision which ex-

pressly or impliedly requires that the weekly payments should cease at the death of the employee, but on the contrary the statute expressly requires that they shall continue for the period named. And we find no reason based on the inherent character of the statutory award for the loss of, or for the complete and permanent loss of the use of, the sight in one eye, for construing into the statute a limitation inconsistent with its express direction that the weekly payments shall continue for one hundred and four weeks.

In *Anderson* v. *Lynch*, 96 Conn. 672, 115 Atl. 474, we held that an award of this character could be commuted by the Commissioner into a single lump sum representing the present worth of the fixed number of weekly payments, and under the statute (§ 5367) such commutation is "binding upon all persons who may be entitled to compensation for the injury in question." And we see no reason why a pecuniary obligation of such a character that it is capable of being commuted into a lump sum presently payable, may not also be the proper subject of an unconditional contract to pay the principal sum in instalments. It is true that under § 5355 "any award . . . or voluntary agreement concerning compensation" is subject to modification by the Commissioner for the reasons therein stated; but it is difficult to see how this voluntary agreement could be subject to modification unless the fact of the loss of sight in one eye were disputed, and that fact is not disputed. For reasons stated, we do not regard the death of the employee as a fact which necessitates a change of the agreement "in order properly to carry out the spirit of this chapter."

The defendant also relies on § 5375, providing that "all sums due for compensation under the provisions of this chapter shall be exempt from levy, attachment and execution and shall be non-assignable before or

after award." This provision was for the protection of the employee. It makes the contract non-assignable, but it cannot have been intended to vary the terms of the contract so as to impair its obligation.

The decisions of other States necessarily turn upon the construction put on their statutes. As we construe the relevant part of our own statute, the contract was for the payment of liquidated damages for the loss of sight in one eye, and was not for the payment of compensation for incapacity arising from that loss. Therefore its obligation was not terminated by the death of the employee, but survives in favor of his administratrix.

The Superior Court is advised to render judgment sustaining the *pro forma* award of the Commissioner.

In this opinion the other judges concurred.