LENA BASSETT ET AL. *vs.* STRATFORD LUMBER COMPANY ET AL.

Third Judicial District, New Haven, June Term, 1926

WHEELER, C. J., CURTIS, MALTBIE, HAINES AND HINMAN, Js.

The beneficiaries of the Workmen's Compensation Act are the injured employee and his dependents and its primary purpose—to recompense these beneficiaries for disability or death arising out of and in the course of the employment and to charge the cost originally against the industry ultimately to be paid by the consumer—would be defeated if the unmatured portion of an award made to an employee while living were held to be vested in him and, upon his death, to survive to his estate and not to his dependents, since thereby those who are strangers to the employment and to the industry and to the only class of persons intended to receive the benefit of the Act, would be enriched.

In this State an employee has a vested ownership only in such portion of an award as has matured during his lifetime, and his dependents' right to the unmatured portion flows only from the statute and not from the employee's interest in it.

After the parties in the ·present case had entered into and had partially performed a voluntary agreement for the payment to the employee of specific compensation of a specified sum for a fixed period for a loss of vision in the left eye, he died from causes not connected with the injury. *Held* that under our Act the unmatured portion of the award for a specific compensation of a specified sum survived to his dependent widow and not to his estate; and that the administrator of his estate had no interest in such unmatured portion.

A voluntary agreement stands upon precisely the same basis as an award.

The case of *Forkas* v. *International Silver Co.*, 100 Conn. 417, affirmed in part and overruled in part.

Argued June 4th—decided December 16th, 1926.

APPEAL by the administrator of the estate of a deceased employee from a finding and award of the compensation commissioner for the fourth district in favor of the widow of said decedent, taken to the Superior Court in Fairfield County and reserved by the court,

*Baldwin, J.*, upon its own motion, for the advice of this court. *Superior Court advised to dismiss the appeal.*

*Joseph V. Esposito,* for the appellant (the administrator).

*Samuel Reich* and *Philip Reich,* for the appellee (the widow).

WHEELER, C. J.   The administrator on the estate of Louis P. Bassett, and Lena Bassett, widow of Louis P. Bassett and his dependent, presented to the commissioner for the fourth district their claim to the balance unpaid upon an award against defendants made to Bassett for a partial disability suffered for the loss of vision in his left eye; the award having been made for one hundred and four weeks at $17 a week.   Of this award the defendants had paid Bassett for twenty and three-sevenths weeks up to December 25th, 1925, when he died from causes not connected with the injury for which the award had been made, leaving a balance of the award which had neither been paid nor matured for eighty-three and four-sevenths weeks. The commissioner adjudged that the defendants pay the claimant widow as the sole dependent of the deceased the sum of $17 per week, the same being one-half of the average weekly wages of the deceased employee, for the unexpired balance of the period of the award, eighty-three and four-sevenths weeks.   The administrator appealed from this award principally upon the ground that the balance of the award should not be paid to the widow dependent, but should be paid to his estate.

Our Workmen's Compensation Act was enacted in order to give to the workman, or those dependent upon him, compensation for a part of the loss occasioned by

his disability or death arising in the course of and out of his employment, and not due to his wilful and serious misconduct. "Compensation Acts are founded on the theory of compensation, not only to the injured workman, but to his dependents in case of his death." Honnold on Workmen's Compensation, Vol. 1, § 70; *Nelson's Case,* 217 Mass. 467, 105 N.E. 357. The theory of such legislation is that the great majority of injuries in industry arise through no fault of either employer or employee, and that if all such be charged against the industry it will operate as an overhead charge and ultimately be paid by the consumer. *Piccinim* v. *Connecticut Light & Power Co.,* 93 Conn. 423, 106 Atl. 330. The beneficiaries under most Workmen's Compensation Acts in this country are the injured employee and his dependents. We find in no Act either in those like our own, of the contract or voluntary kind, or in the compulsory kind, unless it be that of Ohio, any specific provision by which the award may in any contingency become a part of the estate of the injured employee, or the award be obtained by the administrator or executor of his estate for its benefit. Nor are provisions found in these Acts from which by fair implication the unmatured award can be held to become a part of the deceased workman's estate, or the administrator or executor obtain it for the benefit of his estate. We find, as in Kansas, an instance where the representative of the deceased employee may maintain his action to recover an award, but only for the benefit of the dependents. *Smith* v. *Kaw Boiler Works Co.,* 104 Kan. 591, 180 Pac. 259.

In our own Act there is no specific provision that in any contingency any award under the Act shall become the property of the estate of the injured employee, nor is there provision giving the executor or

Bassett *v.* Stratford Lumber Co.

administrator of the estate the right to secure by suit or otherwise the award or any part of it for the estate, or for the dependent.    Unless the Act specifies otherwise, the employee has no vested right to the unmatured compensation awarded, and hence it cannot pass to his personal representatives.    Our Act does not purport, either expressly or by necessary implication, to confer in any case any right to the award upon any person other than the injured employee, or his dependent.    Construction of the Act giving the award to other than the employee or his dependents would defeat its primary purpose.    It would impose upon the industry a charge, not in compensation for the loss of wages, not for the benefit of the injured workman or his dependents, but for the benefit of persons who had not been injured in the industry, or lost support by reason of the injury to one who had furnished them with support.    If this charge were ultimately transferred to the consumer it would require him to pay, not for the support of those who might otherwise become a public charge, but for the benefit of those who were not liable to become public charges by having the support upon which they had depended taken from them.    It would thus enrich strangers to this employment and this industry, and strangers to the only class of persons whom the Act seeks to benefit.

The provisions of our Act evidence a contrary intent to that involved in the administrator's claim in this case.    General Statutes, § 5375, provides: "All sums due for compensation under the provisions of this chapter shall be exempt from levy, attachment and execution and shall be non-assignable before or after award."    The purpose of this provision is to give the enjoyment of all of the award to the employee and his dependents.    It accomplishes its purpose, by placing the award out of the reach of creditors, and beyond the

power of the employee or his dependent to part with it, by any form of assignment.

The statute is a limitation upon the right of the employee or the dependent over the award. Its provisions are not the language applied to a vested right of ownership. The employee has no power of control over the unmatured part of the award. This conflicts with, and indeed is repugnant to, the idea that the award has vested in the employee, or in the executor or administrator of his estate. Manifestly the right to compensation under the Act comes from the statute, both as to that awarded to the employee and that to the dependents; it does not come from the employee. Every award made under the Compensation Act is subject to revision and modification during the whole compensable period, and until completely performed. General Statutes, § 5355; *Fair* v. *Hartford Rubber Works Co.*, 95 Conn. 350, 354, 111 Atl. 193. "The only limitation upon a commissioner's power to open an award is that it must be 'for any proper action thereon." *Thompson* v. *Towle*, 98 Conn. 738, 741, 742, 120 Atl. 503. It may be modified or it may be set aside. A vested interest cannot be predicated upon a property interest of so unstable a character.

These provisions of the Compensation Act very plainly indicate the legislative intention to confine the employee's interest to such part of the award as has accrued within his lifetime, and as to such portion of the award as did not mature in the employee's lifetime there is no survivorship in his estate. We anticipated this construction when we said in *Jackson* v. *Berlin Construction Co.*, 93 Conn. 155, 157, 105 Atl. 326: "The purpose of the statute is benefit to the dependent, not to the estate of the deceased employee." In *Corcoran* v. *Farrel Foundry & Machine Co.*, 1 Conn.

Comp. Dec. 42, Commissioner Williams held that the compensation provided for fatal injuries forms no part of the estate of the deceased and does not in any way enure to the administrator except as to the sum of $100 for burial expenses and such medical, surgical and hospital bills as may have accrued within thirty days from an injury sustained by a decedent. Similarly, in *Kilbride* v. *Pratt & Whitney Co.*, 1 Conn. Comp. Dec. 688, it was held that where an award for a total or partial incapacity would have continued for a period after the death of the employee from another cause, the estate of the deceased employee has no vested interest in the award accruing after his decease. See also *Blanchette* v. *Totokett Mfg. Co.*, 2 Conn. Comp. Dec. 248. These decisions were followed by the compensation commissioners down to the decision of *Forkas* v. *International Silver Co.*, 100 Conn. 417, 123 Atl. 831.

It is generally held throughout our country that whether the case be one of partial or total incapacity, or death, the Compensation Acts do not give to the legal representatives of the employee any right to the award, or a right to recover the same for the benefit of the estate of the employee. As a rule these cases interpret the Compensation Acts of their jurisdictions as giving to the employee a right to compensation personal to him, and therefore upon his death not surviving to his estate or his heirs. *Ray* v. *Industrial Ins. Commission*, 99 Wash. 176, 168 Pac. 1121; *Moore* v. *Lumbermen's Reciprocal Asso.* (1922, Tex. Civ. App.) 241 S. W. 1105; *LaChapelle* v. *Union Pacific Coal Co.*, 29 Wyo. 449, 214 Pac. 587; *Wenning* v. *Turk*, 78 Ind. App. 355, 135 N. E. 665; *Smith* v. *Bluffton*, 80 Ind. App. 574, 141 N. E. 532; *Wozneak* v. *Buffalo Gas Co.*, 161 N. Y. Supp. 675; *Conrad* v. *Glenham Embroidery Co.*, 213 N. Y. App. Div. 507; *Zahler* v. *Department of Labor and Industries*, 125 Wash. 410, 217 Pac. 55;

*Lahoma Oil Co.* v. *State Industrial Commission,* 71 Okla. 160, 175 Pac. 836; notes to 15 A. L. R. 821; 24 A. L. R. 44; 29 A. L. R. 1426.  Ohio is the only jurisdiction, we believe, in our country where a different ruling is made.

It is also generally held, in the absence of statute such as General Statutes, § 5349, that awards made to the dependent of an employee for injuries which resulted in the employee's death do not survive the dependent's death.  The reason assigned is equally applicable to the case where the legal representative of the deceased employee makes claim to an award theretofore made to his decedent.  In *Murphy's Case,* 224 Mass. 592, 594, 113 N. E. 283, Mr. Justice Loring says: "To hold that the dependent's right to compensation is a vested right, which passes to a legatee by will, and in case of intestacy goes to the dependent's next of kin, would be to put upon the insurer a burden not called for by the object which the act was passed to attain.  In addition, the compensation awarded the dependent would go in that case to persons altogether outside the class contemplated by the act.  So construed the act would or might enrich strangers in place of doing justice to the family and next of kin of an employee killed in the course of, and so as an incident to, the business in which he was employed."  See also *Bartoni's Case,* 225 Mass. 349, 114 N. E. 663; *Duffney* v. *Morse Lumber Co.,* 42 R. I. 260, 107 Atl. 225; *Double* v. *Iowa-Nebraska Coal Co.,* 198 Iowa, 1351, 201 N. W. 97; *Poccardi* v. *Ott,* 86 W. Va. 565, 104 S. E. 54, 55.

The purpose of our Act, as we have already stated, is to give to the employee and to his dependents compensation for the loss of wages accruing from the employee's injury.  In case of death the dependents alone have the right to the unmatured part of the award of

compensation for a specified sum for a fixed period for loss or impairment of a member except such portion as is required for burial expenses under the specific provisions of General Statutes, § 5349, as amended. And in the event of the award having been made to a dependent widow or widower, the compensation awarded does not cease upon her or his death but continues to be paid for the remainder of such period to the other dependents. General Statutes, § 5349, as amended by § 4 of Chapter 306 of the Public Acts of 1921.

Under General Statutes, § 5367, it is discretionary with the commissioner whether he shall commute the award into a lump sum instead of into weekly, monthly or quarterly payments covering the definite statutory period. This section then provides: "When commutation is made into a single lump sum, the commissioner may direct that it be paid into any savings bank, trust company or life insurance company which is authorized to do business within this State, to be held in trust for the beneficiary or beneficiaries under the provisions of this chapter and paid in conformity with the provisions of this chapter."

The award in question was a fixed sum, for the definite period provided by the statute for an injury causing loss of vision in one eye. It could have been commuted into a lump sum and deposited in one of the specified classes of institutions for the benefit of the beneficiary or beneficiaries under the Act. Beneficiary as used in the provision of the section just quoted includes both employee and dependent. A similar construction is accorded the compensation statute of Illinois. It is said in *Matecny* v. *Vierling Steel Works,* 187 Ill. App. 448, 457, that "the word 'beneficiary' means, 'one for whose benefit a trust is created, a *cestui que trust.*'"

We need go no further in analysis of the provisions of

our Act.  If, upon commutation, the right of survivor-
ship in the award for the loss of a member, made under
General Statutes, § 5352, would pass to dependents, it
would be a wholly unreasonable construction of the Act
to hold that if commutation were not made, survivor-
ship would not pass to the dependents.

Some of the statutes of other jurisdictions have non-
survivability statutes which govern.  And some of the
decisions we cite deny the right of the dependent to
recover an unmatured portion of an award after the
death of the employee.  Their statutes determine their
decisions, as does ours.  That the estate of the deceased
employee has no vested interest in that part of an
award for total or partial injury which has not ma-
tured, is the necessary conclusion to be drawn from
the Compensation Act and the only one which accords
with the object of the Act.  The administrator of the
deceased employee has no interest in the unmatured
part of the award.  The award we treat of in this
opinion is one for a specific compensation of a specified
sum for a fixed period for loss or impairment of a
member.

The conclusion we reach accords with the holding in
*Forkas* v. *International Silver Co.*, 100 Conn. 417, 419,
123 Atl. 831, that the death of an employee to whom
had been awarded weekly compensation for the loss of
sight in one eye does not put an end to the award thus
made.  It overrules that decision in its holding that the
unmatured part of such award belongs to the estate of
the deceased employee.

The compensation in the present case was fixed by
the voluntary agreement of the parties.  Such an
agreement is subject to the approval of the commis-
sioner and to his jurisdiction during the period of its
existence.  It exists by virtue of the Compensation Act
and is controlled by its terms.  It is upon precisely the

same basis as an award. General Statutes, § 5355; *Forkas* v. *International Silver Co.*, 100 Conn. 417, 420, 423, 123 Atl. 831. None of the reasons of appeal of the administrator are well taken.

The Superior Court is advised to render its judgment dismissing the appeal and confirming the award of the commissioner.

In this opinion CURTIS and HINMAN, Js., concurred.

HAINES, J. (concurring). Though concurring in the result reached by the majority, I am unable to agree in all respects with the reasoning by which that result is reached, in that the test of survivorship might seem by the language used, to be placed upon the fact of commutability. It is said: "Under General Statutes, § 5367, it is discretionary with the commissioner whether he shall commute the award into a lump sum. . . . 'When commutation is made into a single lump sum, the commissioners may direct that it be paid into any savings bank.' . . . The award in question was a fixed sum, for the definite period provided by the statute for an injury causing loss of vision in one eye. It could have been commuted into a lump sum and deposited. . . . If, upon commutation, the right of survivorship in the award for the loss of a member, made under General Statutes, § 5352, would pass to dependents, it would be a wholly unreasonable construction of the Act to hold that if commutation were not made, survivorship would not pass to the dependents."

There being no specific provision in our Act for the survival of an award save that made to a dependent widow or widower, a definite rule is desirable to determine the question in all cases, and this is found in the inherent character of the award itself.

Awards may be divided into two classes. Where the amount is fixed by statute as a specific sum for a speci-

fied number of weeks, and is not contingent upon the continuance of the disability, it is similar in its character, to liquidated damages. It is "fixed in advance by the terms of the statute. Compensation is for the loss. . . . It is an award which is not dependent on the fact of continuance of an impairment of wage earning power, but all the conditions necessary for its allowance· in full are present as soon as the irreparable loss occurs. It thus has all the earmarks of a statutory award of liquidated damages." *Forkas* v. *International Silver Co.*, 100 Conn. 417, 421, 123 Atl. 831; *Saddlemire* v. *American Bridge Co.*, 94 Conn. 618, 628, 110 Atl. 63; *Costello* v. *Seamless Rubber Co.*, 99 Conn. 545, 122 Atl. 79.

The permanent loss of a member is of this character, and such awards survive. They may, of course, be commuted.

All awards not of this class, are contingent upon the continuance of the disability, and so the total sum to be paid is not ascertainable with certainty at the time of the award. An award for the loss of wages is of this class, and these do not, because of their inherent character, survive. In the rare instance, if it *reasonably appears* that the disability will continue for some fixed time, we have construed our Act to permit commutation. *Gahan* v. *Payne Co.*, 98 Conn. 233, 236, 118 Atl. 922.

These two classes of awards have sometimes been designated as specific, where the total amount is liquidated, and special, where the amount is contingent. The former are payable in any event, and are not interrupted by the death of the employee, but survive to his dependents; while the latter may or may not be paid in full, and do not survive, being terminated by the death of the employee. *Burns' Case*, 218 Mass. 8, 13, 105 N. E. 601.

Save for the exceptional instance, such as we referred to in the *Gahan* case, the application of this test of survivorship and that of commutability, would give the same result. In the rare case, however, of a special award for loss of wages, which might be in whole or part commutable, the latter test would give it survivorship, which, of course, it cannot have. While I do not understand the majority opinion in terms, to disagree with this conclusion, I cannot avoid the feeling that the opinion is misleading in the emphasis it has placed upon the commutation statute. In the present case, the award being specific, the result is the same in either event.

In this opinion MALTBIE, J., concurred.