### George N. Finkelstone, Administrator (Estate of Frutuoso Orge) *v.* The Bridgeport Brass Company et al.

O'Sullivan, C. J., Wynne, Daly and King, Js.[1]

Argued June 4—decided July 8, 1957

*George N. Finkelstone,* with whom, on the brief, were *Lawrence S. Finkelstone* and *Lawrence E. Levy,* for the appellant (plaintiff).

---

[1] By agreement of counsel the case was argued before and decided by four judges.

*Paul V. McNamara,* with whom, on the brief, was *Joseph J. Silva,* for the appellees (defendants).

O'SULLIVAN, C. J. This is an appeal from a judgment of the Superior Court affirming an award made by a workmen's compensation commissioner. The award denied compensation for the partial loss of use of a leg resulting from a compensable injury suffered by the plaintiff's decedent.

The uncorrectable facts upon which the court acted are the following: On July 3, 1952, Frutuoso Orge was injured in an accident arising out of and in the course of his employment by the named defendant. The only injuries which need be mentioned here were severe compound comminuted fractures of the tibia and fibula of the left leg. Orge was hospitalized for almost fourteen months and thereafter he further recuperated in a convalescent home. Workmen's compensation was paid to him weekly from the date of the accident until he returned to work on February 28, 1955. Since the leg was still bothering him, he remained under the care of Dr. William T. Clark, the named defendant's medical director, until July 13, 1955, when the latter felt that maximum improvement in the leg had been reached. Dr. Clark made no estimate, on that occasion, of the extent of the loss of use experienced by Orge, nor did the compensation commissioner, during Orge's lifetime, determine the percentage of such loss.

On September 22, 1955, Orge again consulted Dr. Clark, this time about a draining sinus in the leg. A tentative diagnosis of incipient osteomyelitis was made. Orge continued to work every day, although treatment for the new pathological condition was begun and kept up until November 18, 1955. At that

time, Dr. Clark, changing his previous opinion, became satisfied that maximum improvement in the leg had not been reached. On December 25, 1955, Orge was killed in an automobile accident having no connection with his employment. He died a single man and left no dependents. The plaintiff is the qualified administrator on his estate.

The basic contention of the plaintiff is that he is entitled to an award for the decedent's partial loss of use of his left leg, particularly in view of the defendants' concession, made to the commissioner, that the extent of the loss of use, at the state of maximum improvement of the leg, would have been at least 25 per cent. To accept the plaintiff's contention would require us to ignore or to alter the position we have already taken on this question. The Workmen's Compensation Act does not purport, either expressly or by necessary implication, to confer upon any person other than the injured employee or his dependents any right to an award. *Bassett* v. *Stratford Lumber Co.,* 105 Conn. 297, 300, 135 A. 574. To be sure, the estate of a deceased employee may, at times, have a right in or to an award. This happens on those occasions when a portion of the compensation awarded or to be awarded the injured employee has accrued during his lifetime and remains unpaid at his death. In such an event, the unpaid portion belongs to his estate. *Greenwood* v. *Luby,* 105 Conn. 398, 400, 135 A. 578; *Jackson* v. *Berlin Construction Co.,* 93 Conn. 155, 157, 105 A. 326. The case at bar presents no such situation. No part of the compensation awarded or to be awarded for the decedent's partial loss of use of his left leg had accrued when he died, for it had not yet been determined that his leg had reached the state of maximum improvement. See *Panico* v. *Sperry*

*Engineering Co.*, 113 Conn. 707, 714, 156 A. 802.

Because of the principle stated in the *Bassett* case, supra, the commissioner properly refused to award compensation for the decedent's partial loss of use of his leg, and the court was correct in affirming that award.

There is no error.

In this opinion the other judges concurred.