JEAN McCURDY ET AL. *v.* STATE OF CONNECTICUT
(9902)

DUPONT, C. J., DALY and O'CONNELL, Js.

Argued October 4, 1991—decision released January 28, 1992

*Harold L. Rosnick,* with whom, on the brief, *George P. D'Amico,* for the appellant (plaintiff estate of John Mollico).

*Robin L. Wilson,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Charles A. Overend,* assistant attorney general, for the appellee (state).

O'CONNELL, J. This is the claimant estate's[1] appeal from the decision of the compensation review division of the workers' compensation commission denying an award of specific benefits under the workers' compensation law. General Statutes § 31-308 (b) (13).[2]

The claimant's objections are subsumed under the general issue of whether it was entitled to a specific award of workers' compensation benefits for permanent partial disability despite payment to the deceased

---

[1] The claimants before the compensation review commission were (1) Jean McCurdy, the claimed widow of the deceased and (2) the estate of John Mollico, also known as John McCurdy, deceased. The commissioner found that Jean McCurdy was not a presumptive dependent widow, nor a dependent in fact and was, therefore, not entitled to any unmatured award. Because the commission's findings regarding Jean McCurdy's status were not challenged on appeal, the sole appellant before this court is the estate of the deceased. In this opinion, claimant refers to the estate.

[2] General Statutes § 31-308 (b) provides in pertinent part: "With respect to the following-described injuries the compensation, in addition to the usual compensation for total incapacity but in lieu of all other payments for compensation, shall be sixty-six and two-thirds per cent of the average weekly earnings of the injured employee, but in no case more than the maximum weekly benefit rate set forth in section 31-309, or less than fifty dollars weekly . . . for the loss of the use of the back, that number of weeks which the proportion of incapacity represents to the maximum of five hundred and twenty weeks."

of specific benefits for temporary total disability from the time of his injuries until his death.[3]

The record discloses that on November 21, 1983, John Mollico, also known as John McCurdy (the deceased), injured his back while in the employ of the state of Connecticut. Pursuant to General Statutes § 31-307,[4] he was paid temporary total disability benefits from the date of his injury until December 24, 1987, when he died of unrelated causes. On October 15, 1987, his physician rated his injury as a 70 percent permanent partial disability of the lower back. On October 20, 1987, the physician issued a supplemental report expressing his opinion that Mollico's lower back had reached maximum medical improvement. He remained totally disabled, however, because of terminal cancer which had been diagnosed in September of 1987.

On December 15, 1987, the deceased sought an award of permanent partial disability benefits based on his physician's reports of October 15 and 20. The workers' compensation commissioner refused to award permanent partial disability benefits because the deceased remained totally disabled as a result of cancer. Follow-

---

[3] The claimant's claims are more specifically stated as follows: (1) Did the commissioner and the compensation review division err in concluding that the decedent's estate is not entitled to the award for specific benefits under Connecticut General Statute § 31-308 (b) (13) despite the fact that the decedent had reached maximum medical improvement prior to his death? (2) Did the workers' compensation commissioner and the compensation review division err in refusing to grant two paragraphs of the claimant's motion to correct the finding? (3) Does the commissioner's finding that specific benefits do not accrue to the benefit of the decedent's estate violate the equal protection clause of the constitutions of the United States and the state of Connecticut?

[4] General Statutes § 31-307 provides in pertinent part: "If any injury for which compensation is provided under the provisions of this chapter results in total incapacity to work, there shall be paid to the injured employee a weekly compensation equal to sixty-six and two-thirds per cent of his average weekly earnings at the time of the injury; but the compensation shall in no case be more than the maximum weekly benefit rate set forth in section 31-309 for the year in which the injury occurred . . . ."

ing the decedent's death, Jean McCurdy sought an award for the 70 percent permanent partial disability of her late husband. The estate of the decedent also notified the state that it too claimed that it was entitled to the 70 percent permanent partial disability award in the event that Jean McCurdy was not found to be a dependent widow. The commissioner found that Jean McCurdy was neither the decedent's presumptive widow nor a dependent in fact. The commissioner further found that the decedent's estate was not entitled to the unmatured permanent partial disability benefits. Accordingly, the claims of both Jean McCurdy and the estate of the decedent were dismissed.

We commence our analysis by noting that the compensation review division properly denied the motion to correct the commissioner's findings because the commissioner is the trier of the facts; *Kinney* v. *State,* 213 Conn. 54, 59, 566 A.2d 670 (1989); *Cleveland* v. *U.S. Printing Ink, Inc.,* 21 Conn. App. 610, 617, 575 A.2d 257 (1990), aff'd, 218 Conn. 181, 588 A.2d 194 (1991); and any conclusions that he reaches must stand unless they result from an incorrect application of the law or from an inference illegally drawn from facts he found. *Cleveland* v. *U.S. Printing Ink, Inc.,* supra. After a review of the record, we conclude that the findings and conclusions of the commissioner were supported by the evidence.

We next turn to the claimant's contention that it was entitled to unmatured permanent partial disability benefits. The resolution of this claim involves the distinction between temporary total disability payments under General Statutes § 31-307[5] and a permanent partial disability award pursuant to § 31-308 (b).[6] The purpose of temporary total disability benefits is to provide

---

[5] See footnote 4, supra.

[6] See footnote 2, supra.

compensation for loss or impairment of earning capacity; *Ancona* v. *Norwalk,* 217 Conn. 50, 55, 584 A.2d 454 (1991); whereas an award of specific permanent partial disability benefits is intended to compensate the injured employee for the incapacity and loss of use of a portion of his or her body for the remainder of his or her life. *Levanti* v. *Dow Chemical Co.,* 218 Conn. 9, 13–14, 587 A.2d 1023 (1991); see also J. Asselin, Connecticut Workers' Compensation Practice Manual (1985), pp. 151–54.

The respondent state argues that the claimant's demand violates the rule against double compensation, which "prohibits concurrent payment of specific indemnity benefits for permanent partial impairment under § 31-308 (b) and benefits for total incapacity under § 31-307 as a result of the same incident." *Paternostro* v. *Edward Coon Co.,* 217 Conn. 42, 49, 583 A.2d 1293 (1991); see also *Gurliacci* v. *Mayer,* 218 Conn. 531, 570, 590 A.2d 914 (1991); *Enquist* v. *General Datacom,* 218 Conn. 19, 26, 587 A.2d 1029 (1991). In the present case, the claims for temporary and permanent benefits both arose from the same incident, i.e., the lower back injury sustained by the deceased while in the state's employ. A person cannot be both partially and totally incapacitated at the same time. *Paternostro* v. *Edward Coon Co.,* supra, 48–49.

Had the vicissitudes of the deceased's life taken a different path and had he not been stricken with cancer, he probably would have been awarded specific indemnity benefits for his permanent partial disability after he reached his maximum degree of improvement on October 20, 1987. If such an award had been made and the deceased had died before payment thereof had been completed, those entitled to inherit would have received the unpaid balance less any payments made subsequent to the date on which maximum

improvement had been attained.[7] In this regard, such an award has all the earmarks of a statutory award of liquidated damages and the death of the employee does not relieve the employer from carrying out the award by paying any unpaid balance to the estate of the employee. *Forkas, Admrx.* v. *International Silver Co.,* 100 Conn. 417, 421, 123 A. 831 (1924).[8] Such was not the scenario in the present case. No award of specific benefits for permanent partial disability had been made prior to the employee's death so there is nothing that can pass to his estate. The claimant appears to be under the impression that reaching maximum degree of improvement acts as an automatic award of permanent benefits. This is not the law. The claimant's reliance on *Forkas, Admrx.* v. *International Silver Co.,* supra, is inappropriate because in *Forkas* an award of permanent partial disability had been made prior to the employee's death and he was receiving payments thereon at the time of his death.

Established case law requires affirmation of the compensation review division's decision. The claimant, however, argues that the present state of our case law violates the equal protection clause of the fourteenth amendment to the United States constitution and article first, § 20, of our state constitution. This issue was not discussed by the compensation review division in its decision, and, therefore, we decline to review it.

The decision is affirmed.

In this opinion the other judges concurred.

---

[7] General Statutes § 31-308 (c).

[8] *Bassett* v. *Stratford Lumber Co.,* 105 Conn. 297, 305, 135 A. 574 (1926), reversed in part the holding in *Forkas* to the extent that *Forkas* held that "the unmatured part of such award belongs to the estate of the deceased employee."