## FRANCES ROSWELL *v.* STATE OF CONNECTICUT (10982)

FOTI, HEIMAN and CRETELLA, Js.

Argued September 25—decision released November 10, 1992

*Edward T. Dodd, Jr.,* for the appellant (plaintiff).

*Robin L. Wilson,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Charles A. Overend,* assistant attorney general, for the appellee (state).

FOTI, J. The plaintiff[1] appeals from the decision of the workers' compensation review division affirming

---

[1] The plaintiff is Frances Roswell, the surviving dependent widow of the decedent, Frank Roswell.

the commissioner's denial of additional specific benefits that she claims are due on behalf of her deceased husband, Frank Roswell. The issue is whether on the date of his death Roswell was entitled to an amended specific benefits award for an additional 50 percent permanent partial disability, payable to the plaintiff. We affirm the review division's decision.

The record discloses that on July 16, 1984, Roswell, while employed by the state at the Southbury Training School, suffered a compensable myocardial infarction that was the subject of a voluntary agreement reciting a 25 percent permanent partial disability of his heart. Roswell reached maximum medical improvement on June 20, 1985. Specific benefits were paid as they became due and concluded on March 13, 1989. Roswell died on March 14, 1989, from congestive heart failure, and the plaintiff is presently receiving death benefits as provided by law.

The plaintiff sought additional specific benefits on the basis of a rating by Dennis Dobkin, a board certified cardiologist, who began treating Roswell in February, 1987. Roswell's condition deteriorated after the maximum improvement date of June 20, 1985, and he underwent bypass surgery in March, 1987. Recovery from that surgery did not go smoothly and additional hospitalizations were required, as were frequent adjustments in medication. Roswell was totally disabled through December, 1987. In March, 1988, his condition further deteriorated and he was again hospitalized. Significant heart problems persisted, and he continued to be disabled from March, 1987, until his death. In February, 1989, Dobkin issued a report stating that Roswell had a 75 percent impairment of his heart. The commissioner found that this level of impairment rendered Roswell totally disabled.

As part of his finding and award, the workers' compensation commissioner found that Roswell was totally disabled from the time of the March, 1987 surgery until his death. The commissioner therefore suspended payment of specific benefits that had been provided for in the voluntary agreement as of March 1, 1987, and ordered that total disability benefits be paid from that date to the date of Roswell's death. Thereafter, the plaintiff was awarded the specific benefits that Roswell would otherwise have received from March 1, 1987, through March 13, 1989.

The plaintiff, in her appeal before the review division, sought to receive specific benefits for an additional 50 percent permanent partial loss of the function of the heart, to reflect Roswell's 75 percent impairment. The review division affirmed the commissioner's finding and award and dismissed the plaintiff's appeal. The review division held that whether Roswell should receive permanent partial benefits or should be considered totally disabled was within the discretion of the commissioner as trier, and that the commissioner's conclusion was not so unreasonable as to justify judicial interference.

The plaintiff alleges that she is entitled to additional specific benefits and dependency benefits under General Statutes § 31-308, and also claims applicability of Public Acts 1989, No. 89-346.[2]

Public Acts 1989, No. 89-346, which amended General Statutes § 31-308 by adding subsection (e), effective October 1, 1989, is not applicable. Our Supreme

---

[2] Public Acts 1989, No. 89-346 provides: "Section 31-308 of the general statutes is amended by adding subsection (e) as follows:

"(NEW) (e) Any award for compensation made pursuant to this section shall be paid to the employee, or in the event of such employee's death, to his surviving spouse or, if he has no such spouse, to his dependents in equal shares or, if he has no such spouse or dependents, to his children, in equal shares, regardless of their age."

Court has clearly indicated that "new workers' compensation legislation affecting rights and obligations as between the parties, and not specifying otherwise, applie[s] only to those persons who received injuries after the legislation became effective, and not to those injured previously." *Iacomacci* v. *Trumbull,* 209 Conn. 219, 222, 550 A.2d 640 (1988). This date of injury rule was first stated in *Schmidt* v. *O.K. Baking Co.,* 90 Conn. 217, 220-21, 96 A. 963 (1916), and continues today. Nothing in the language or history of Public Acts 1989, No. 89-346 leads us to believe that the legislature intended that its applicability would not be controlled by the traditional date of injury rule. The law in effect on July 16, 1984, the date of Roswell's injury, is therefore the law that applies to all claims arising out of his disability and death.

"It is the power and the duty of the commissioner, as the trier of the fact, to determine the facts." *Castro* v. *Viera,* 207 Conn. 420, 435, 541 A.2d 1216 (1988). The commissioner is also called upon to exercise discretion in determining whether a claimant should receive permanent partial benefits or be considered totally disabled. *Osterlund* v. *State,* 129 Conn. 591, 600, 30 A.2d 393 (1943).

There is a distinction between an award for total or partial disability and one for specific indemnity. The former is for loss or impairment of earning power, the latter for the resulting handicap through life because of the loss or loss of use of certain members of the body. *Panico* v. *Sperry Engineering Co.,* 113 Conn. 707, 710, 156 A. 802 (1930). The decedent was totally disabled at the time of his death. Had he lived, he would have been entitled to temporary total benefits, not specific compensation or permanent partial disability benefits. The commissioner may also, in his discretion, award total disability benefits even after maximum medical improvement has been attained. *Osterlund* v. *State,* supra.

The permanent partial disability benefits to which Roswell was entitled concluded on March 13, 1989, the day prior to his death. While Roswell had reached maximum medical improvement on February 8, 1989, and payment of specific benefits began at that time, there was neither a voluntary agreement nor a commissioner's award granting such benefits. See *Morgan* v. *East Haven,* 208 Conn. 576, 546 A.2d 243 (1988); *Forkas* v. *International Silver Co.,* 100 Conn. 417, 123 A. 831 (1924). Without such an award or voluntary agreement, the plaintiff has no right to claim benefits that would become due in the future. Just as an estate of a decedent is not entitled to permanent partial disability benefits that have not matured at the time of death; *McCurdy* v. *State,* 26 Conn. App. 466, 470–71, 601 A.2d 560, cert. granted, 221 Conn. 920, 608 A.2d 686 (1992); a dependent is not entitled to specific benefits, in the absence of an award or voluntary agreement, that have not accrued at the time of the decedent's death. We, therefore, conclude that the review division properly determined that the commissioner did not abuse his discretion.

The decision of the compensation review division is affirmed.

In this opinion the other judges concurred.

